GEORGE IRISH *et al.*

*v.*

ANTIOCH COLLEGE *et al.*

*Filed at Mt. Vernon November 15, 1888.*

1. DEED OF TRUST—*with power of sale—prescribing conditions—providing for a successor in trust.* The grantors in a deed of trust to secure the payment of money may give the trust any shape they choose, and appoint not only a trustee, but a successor in trust, and prescribe the conditions upon which such successor shall take the place of the original trustee and execute the trust.

2. A deed of trust given to secure the payment of money, with a power of sale in case of a default in payment, provided that upon the happening of either one of four events, viz.: First, the trustee's death; second, his absence; third, his inability to act; or fourth, his refusal to act;—the title to the premises and the power of sale should become vested in a person named, as successor in trust: *Held,* that upon the refusal of the trustee first named to act, the latter trustee thereupon succeeded to all his rights and powers, and might lawfully execute the trust.

3. SAME—*mode of procedure—as prescribed.* In sales under deed of trust containing a power of sale, the forms and modes of procedure prescribed by the creator of the trust, must be strictly pursued.

4. SAME—*notice of sale, and the deed—requisites.* Where a deed of trust providing for a successor to the trustee in certain contingencies, contains no provision requiring the successor in trust to recite, in his notice of sale or deed, the circumstance which devolved the trust on him, the notice of sale by the successor need not recite such facts giving him the right to act, and if he undertakes to do so, a misrecital of the facts will not invalidate the sale made by him.

5. LACHES—*as a defense to setting aside a trustee's sale for mere irregularity.* On bill to set aside a trustee's sale, made under a power, for a mere irregularity which does not render the sale absolutely void, when the complainant, having full knowledge of the defective execution of the trust, lies by for over ten years, during which time the property passes into the hands of *bona fide* purchasers, and large sums are expended by such purchasers in repairs and improvements, and the property has greatly enhanced in value, the delay of the complainant will constitute a bar to the relief sought.

6. The rule is, that the owner of the equity of redemption must avail himself, in apt time, of irregularities in a sale under a power in a mort-

gage or deed of trust, and that a failure to do so will constitute *laches.* He is not allowed to lie by and await events, and have the power, at any time in the future, to let the sale stand or to avoid it, according as it may be found then for his interest to do. There should be promptitude of action within a reasonable time.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

This is a bill to redeem. On the 10th day of October, 1872, George Irish, being the owner in fee of certain lots of land in Cook county, obtained from Artemas Carter, treasurer of Antioch College of Yellow Springs, Ohio, a loan of $7000, and to secure said loan said George Irish and Anna Irish, his wife, executed their bond, in the penal sum of $14,000, conditioned for the re-payment of said loan to said Carter on the 15th day of December, 1877, with interest thereon at the rate of ten per cent per annum, payable semi-annually on the 15th day of June and December of each year. Said bond contained a proviso that if default should be made in the payment of any of the interest for twenty days after the same should become due, the principal sum, with all arrearages of interest, should, at the option of said Carter, at once become due and payable.

To further secure the payment of said loan, said Irish and wife, on said 10th day of October, 1872, executed to Albert L. Coe, as trustee, a trust deed on the lots of land above mentioned, with power of sale in case of the non-payment of said money, principal or interest, when the same should become due, either by lapse of time or by the election of the legal holder of said bond. Said deed of trust also contained the following provision :

"In case of the death, absence, inability or refusal to act, of said party of the second part, then David B. Lyman, of the said city of Chicago, shall be, and he is hereby appointed and made successor in trust to said party of the second part under this deed, with like powers and authority, and said premises

shall thereupon become vested in said successor in trust, for the uses and purposes aforesaid."

Irish made default in the payment of the installments of interest maturing June 15 and December 15, 1875, and Carter having elected to declare the principal sum due, Lyman, assuming to act as the successor in trust of Coe, advertised the premises described in the deed of trust for sale under said power, and on the 12th day of February, 1876, sold the same to Carter for $5000, he being the highest bidder therefor, and executed a trustee's deed conveying the same to Carter. The recital in the notice of sale and in the trustee's deed in relation to Lyman's authority to act as Coe's successor in trust was as follows:

"And whereas, it was in said trust deed provided that, in case of the absence from Cook county of said Albert L. Coe, then the undersigned David B. Lyman should act as successor in trust of said Coe, under said trust deed, with like powers and authority, and said premises described in said trust deed should thereupon become vested in the undersigned as said successor in trust, and whereas, said Albert L. Coe is absent from Cook county, and, whereas, default has been made in the payment of the semi-annual interest due June 15, 1875," etc.

In the latter part of December, 1875, Coe left this State and went to New York, the occasion of his leaving being in part business and in part the health of his wife. Before going he stated that he should be absent for an indefinite and for quite a long period. He in fact returned to this State about March 1, 1876. Evidence was introduced at the hearing, however, tending to show that before going away, Coe refused to act as trustee. On this point Coe's testimony is as follows: "When Mr. Carter applied to foreclose I declined to act. I told Mr. Carter I was on the point of leaving to be gone for some time, and would take him over and introduce him to Mr. Lyman, successor in trust. That I think was December 18, 1875. I went with him to Mr. Lyman's office and introduced him, and

they were brought together at that time. Mr. Lyman urged me to remain and urged me to act. I told him I declined to act; that I was going away and wanted to be out of it anyway, as it was a troublesome matter and had been for some months, and I was going away and Mr. Carter had made up his mind to have it foreclosed, and I brought him over for that purpose, and we came and he received his instructions from Mr. Carter."

Mr. Lyman, testifying as to what took place on the same occasion, says: "Mr. Coe stated that he could not act, and I asked him why. He stated for two or three reasons. One was, he didn't wish to act, was unwilling to act. Another was, he was going away from the State and should be absent for an indefinite time. He couldn't state how long he would be absent, but that he would be absent for quite a long period. I told him that the matter could remain over until his return. He said he didn't know then when he would return, and that he was unwilling to act in the premises. Mr. Carter then asked me as successor in trust to act. I told him I could not do so until Mr. Coe left the county, left the State. He (Carter) stated at the time that he was tired out, worn out by Mr. Irish; that Mr. Irish tried to get him to buy, but that he didn't want anything more to do with him. When I asked him to perform the duties of trustee he stated that he would not act as trustee." ,

After Lyman had advertised the property for sale, Irish applied to him for an adjournment of the sale for a few days, claiming that he then had a prospect of raising sufficient money to pay the accrued interest and costs. His request was granted and the sale adjourned, and on the day to which the adjournment was made, Irish not having succeeded in raising any money, the sale took place, Irish being present and raising no objection, so far as appears, to Lyman's acting as trustee.

On the 15th day of May, 1876, Carter brought his action of forcible detainer before a justice of the peace against George Irish and Anna Irish to recover possession of the premises

purchased by him at said trustee's sale. Judgment was rendered in said suit in favor of the plaintiff, and the defendants appealed to the circuit court. While the cause was pending in the circuit court, Carter and George Irish entered into the following stipulation therein:

"It is stipulated and agreed that the appeal in the above entitled cause shall be dismissed. It is further stipulated and agreed that the defendant shall surrender immediate possession of the south house on the premises in controversy, and that on or before May 1, 1877, the said defendant shall surrender the possession of the balance of said premises to the said plaintiff. It is further stipulated and agreed that, in case the said defendant shall on his part carry out all of the above stipulation in accordance with the terms thereof, on or before May 1, 1877, then the said plaintiff shall release the said defendant from all claims arising from withholding possession of said property, from all costs of this suit, and from all claims arising from the balance of the indebtedness due from said defendant to the said plaintiff arising from said premises not having sold for the face of the principal and interest due on a certain bond given by said defendant to said plaintiff, secured by the trust deed given by said defendant, and which said trust deed was foreclosed and title of said plaintiff acquired thereunder, and that the bond given on appeal of this suit shall also thereupon be cancelled and surrendered."

In pursuance of said stipulation said appeal was dismissed, but said Irish not having surrendered possession of said premises as provided for in the stipulation, a writ of restitution was issued and possession delivered by the officer executing the writ some time in July, 1877. The possession of said premises was thereupon taken by Antioch College, Carter having in the meantime executed and recorded a declaration that he held the title thereto in trust for said college. Ever since July, 1877, the possession of said premises has been in said college

and its grantees, and it is admitted that said college and its grantees have paid all taxes and assessments on said premises since the date of the trustee's sale.

On the 7th day of October, 1884, a portion of said premises was sold and conveyed by Antioch College to Anna Pilik, and on the 26th day of March, 1885, the residue was sold and conveyed by said college to James B. Galloway. Said Carter having died, proceedings were commenced by said college to recover the legal title from his heirs, and as the result of said proceedings a master's deed was executed November 10, 1885, conveying said legal title to said college. The evidence shows that said college, after obtaining possession of said premises, expended thereon by way of repairs and improvements, the sum of about $2900, and that the grantees of said college, after the conveyances to them and before the commencement of the present suit, expended by way of repairs and improvements, the one $1600 and the other $4500. On the 16th day of October, 1885, James B. Galloway, his wife joining with him, executed to Edward G. Mason a mortgage upon the portion of said premises conveyed to him by said college, to secure his note for $6000, dated that day, and due five years after date and bearing interest at the rate of six per cent per annum.

The bill in this case was filed by George Irish alone on the 13th day of October, 1886. On the 26th day of January, 1887, an amended bill was filed in which both George Irish and Anna Irish appear as complainants. The bill makes Antioch College and the several persons claiming under said college as grantees, mortgagees or otherwise, parties defendant, and alleges the invalidity of the sale of said premises by Lyman, and prays for an accounting and to be permitted to redeem from said trust deed. The answers, among other things, assert the validity of said sale, allege the purchase of said premises by Pilik and Galloway in good faith and for a valuable consideration, and set up *laches* on the part of the complainants. Replications being filed, the cause was heard on pleadings

and proofs, and a decree rendered dismissing the bill at the complainants' costs for want of equity, and the complainants have appealed to this court.

Mr. B. M. SAUNDERS, and Mr. PAUL BROWN, for the appellants:

Lyman, under the facts, did not become the successor of Coe, the trustee, in the manner prescribed by the deed, and was devoid of all power, and the sale by him was void. *Trust Co.* v. *Fisher*, 106 Ill. 189; *Life Ins. Co.* v. *White*, 106 id. 67.

A fair and reasonable construction of the language used in the trust deed would require a permanent absence, and not a mere casual or temporary absence. Ibid.

The delay in filing this bill was owing to the ill-health of George Irish, caused by the harsh proceedings to which he had been subjected, and the fear of trouble resulting from any proceeding on his part.

Messrs. MASON BROS., for the appellees Galloway and others:

The absence from the State of the trustee, authorized the person named as successor to act.

Appellees are protected under the seven years limitation law. Rev. Stat. chap. 83, sec. 6; *Chickering* v. *Failes*, 26 Ill. 508; *Smith* v. *Ferguson*, 91 id. 304; *McConnel* v. *Street*, 17 id. 254.

The good faith required by the statute in the creation or acquisition of color of title, is a freedom from a design to defraud the person having the better title. *McCagg* v. *Heacock*, 34 Ill. 476.

The following cases hold that where a party has knowledge of the facts entitling him to equitable relief, and rests nearly seven years, his *laches* will bar his right to relief: *Breit* v. *Yeaton*, 101 Ill. 243; *Miller* v. *Shaw*, 103 id. 277.

Four years' delay is held a bar when property has been improved and increased in value. *Hamilton* v. *Lubukee*, 51 Ill.

415; *Hoyt* v. *Pawtucket Institution,* 110 id. 391; *Bush* v. *Sherman,* 80 id. 160; *McHany* v. *Schenk,* 88 id. 357.

Acquiescence in a trustee's sale is held a bar. *Miller* v. *Shaw,* 103 Ill. 277.

Messrs. PEDRICK & DAWSON, and Mr. JEREMIAH LEAMING, for the appellees Antioch College, Lunt, and others:

The decree should be affirmed, because the sale was made by the successor in trust, with the knowledge, at the time, of appellants, who set up no claim against said sale, but stood silently by for more than ten years after the sale.

The sale by the successor in trust, and deed thereunder, made a colorable conveyance of the premises to the grantee, who took possession pursuant to said deed, and whose possession could only be disturbed by a decree setting the sale aside and allowing redemption.

The act of sale by the successor in trust was not void *per se,* but required judicial action to set it aside; hence the doctrine of *laches* is strictly applicable to this case, and which doctrine is favored by this court. *Hamilton* v. *Lubukee,* 51 Ill. 415; *Walsh* v. *Brennan,* 52 id. 193; *Munn* v. *Burgess,* 70 id. 604; *Bush* v. *Sherman,* 80 id. 160; *McHany* v. *Schenk,* 88 id. 357; *Hoyt* v. *Pawtucket Institution,* 110 id. 390.

The evidence conclusively shows that Coe refused to act, and therefore Lyman became vested with the power of sale on such refusal.

The question of the occurrence of the contingency on which a successor in trust may act, is one of fact. If, in fact, a sufficient ground for such successor acting existed, then the recital of a different ground in the trustee's deed is immaterial.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

By the terms of the deed of trust the legal title to the premises conveyed, together with the power of sale thereby granted, was vested, in the first instance, in Coe, the trustee. But it

31—126 ILL.

was also provided that, upon the happening of either one of four events, viz., 1, Coe's death, 2, his absence, 3, his inability to act, or 4, his refusal to act, said title and power should become vested in Lyman, as Coe's successor in trust. The power of a person creating and declaring a trust of this character to give it any shape he may choose, and to appoint not only a trustee but a successor in trust and prescribe the conditions upon which such successor may take the place of the original trustee and execute the trust, is recognized and affirmed by the decision of this court in *Equitable Trust Co.* v. *Fisher*, 106 Ill. 189. Whether either of the prescribed conditions happened in the present case, so as to authorize Lyman to execute the power of sale, is a question of fact to be determined from the evidence.

During all the time Lyman was attempting to execute the power of sale, Coe was in fact absent from the State, but in view of the rule established by the decision above referred to, it may be doubtful whether his absence was of such a permanent character as was contemplated by the language of the deed of trust. But whether this be so or not, the evidence clearly establishes a *refusal* on the part of Coe to act as trustee. Both he and Lyman testify that when applied to by Carter, the legal holder of the bond and deed of trust, to execute the power of sale, he declined to act, placing his refusal partly upon the ground of his anticipated absence from the State, and partly upon another ground which he deemed sufficient. His refusal was absolute. When asked to perform the duties of his trust he stated that he would not act as trustee. It was competent for him to refuse to act if he saw fit, and it was doubtless in view, among other things, of such possible refusal, that provision was made for a successor in trust. Upon such refusal, the legal title to the land conveyed by the deed of trust, as well as the power of sale created by said deed, passed, by operation of the power of appointment already exercised

by the creator of the trust, to and became vested in Lyman, as successor in trust.

But it is urged that the sale by Lyman can not be sustained because, in the notice of sale as well as in the trustee's deed, he based his right to act as trustee upon Coe's absence and not upon his refusal to act. It is clear that this mis-recital, if material at all, has no bearing whatever upon the question of Lyman's power to act, but only goes to the regularity of the mode in which the trust was executed. It is doubtless the rule that in the execution of trusts of this character, the forms and mode of procedure prescribed by the creator of the trust must be strictly pursued. But it should be observed that the deed of trust in this case contained no provision requiring the successor in trust to recite in his notice of sale the circumstances which devolved the execution of the trust upon him. If the notice had been entirely silent on that subject, we can not see that it would have been defective for that reason. An incorrect recital, then, so long as it pertained to a matter wholly outside of and beyond anything required by the terms of the deed of trust, was immaterial, unless it can be seen that it was of such a character as would have some probable tendency to prejudice the interests of the owners of the equity of redemption. We are unable to perceive how the recital in question could have had such tendency, and are therefore disposed to hold that the validity of the sale was in no way impaired or affected by it.

But there is another ground upon which the complainants were properly denied the relief prayed for in their bill. The sale took place on the 12th day of February, 1876, and the original bill was not filed until October 13, 1886, ten years and eight months after the sale, and nine years and three months after the complainants had been put out of possession by the execution of a writ of restitution issued on a judgment against them in an action of forcible detainer. The defect in the execution of the power of sale, if it was a defect, was a

mere irregularity, and not of a character to render the sale absolutely void. George Irish, the principal complainant, was present at the sale, and well advised at the time of all the facts of which he now seeks to avail himself as a ground for vacating the sale. During the interval between the sale and the filing of the bill the property in question became largely enhanced in value. Large sums of money had been expended upon it both by Antioch College and its grantees by way of repairs and improvements. The rights of purchasers and mortgagees had intervened. No excuse for the delay on the part of the complainants in asserting their rights is made or attempted except their inability to redeem for want of means. No fraud or improper conduct on the part of the trustee, the purchaser or the parties claiming under the purchase is alleged, the only ground upon which the sale is attacked being the alleged irregularity above mentioned.

The rule is, that the owner of the equity of redemption should avail himself in apt time of irregularities in a sale under a power of sale in a mortgage or deed of trust, and that his failure to do so will constitute *laches*. It is not permissible for him to lie by and await events, and have the power, at any time in the future, to let the sale stand, or to avoid it, according as it may be found then for his interest to do. There should be promptitude of action within a reasonable time. *Hamilton* v. *Lubukee,* 51 Ill. 415; *Dempster* v. *West,* 69 id. 613; *Maher* v. *Farwell,* 97 id. 56; *Bush* v. *Sherman,* 80 id. 160; *Hoyt* v. *Pawtucket Institution for Savings,* 110 id. 390; *McHany* v. *Schenk,* 88 id. 357.

Under the circumstances of this case, the *laches* of the complainants in failing to file their bill to redeem in apt time is sufficient to bar their right to relief in equity. The decision of the court below is the only proper conclusion to be drawn from the pleadings and evidence, and the decree will therefore be affirmed.

*Decree affirmed.*