## LOVE *v.* MOSER *et al.*

### (*Knoxville.* September Term, 1902.)

1. **BILL TO REMOVE CLOUD.** Title acquired after suit brought, how availed of.

   Where, in a suit in equity, to remove a cloud from title, the complainant has no title at the time suit is instituted, but subsequently acquires one, the rule is that he can not set up such after acquired title by a supplemental or amended bill, but must resort to an original bill. (*Post, p.* 146.)

   Citing: Story Equity Pleading, secs. 339-340.

2. **SAME.** Effect of consent amendment setting up after acquired title. Case in judgment.

   After complainant filed his bill in equity to remove a cloud from his title, he procured a grant from the State for the land described in the bill. With the consent of defendants the bill was amended on its face setting up the grant. Defendants filed a formal answer to the bill as amended, ·denying title, but making no question upon the manner of setting up the after-acquired title, until, upon the hearing they objected to the reading of the grant as evidence of title, insisting for the first time upon the rule above stated.

   The grant was excluded.

   HELD: 1st. The objection to the grant as evidence of title came too late. 2d. By their consent to the amendment and formal answer thereto, defendants must be held to have impliedly agreed to treat and consider the amended bill as in the nature of an original bill setting up the newly acquired title which was proper matter for agreement and avoided circuity of action. 3d. That complainant was entitled to recover on his new title. (*Post, pp.* 145-147.)

   Case cited and approved: Corder *v.* Dolin, 4 Baxter, 238.

FROM JEFFERSON.

Appeal from Chancery Court of Jefferson County. JOHN P. SMITH, Chancellor.

SHIELDS & MOUNTCASTLE and GEORGE P. YOE, for Love.

C. T. RANKIN, PICKLE & TURNER and EUGENE HOLTSINGER, for Moser *et al.*

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The bill in the present case was filed by complainant, who alleged that he was the owner in fee of a tract of land in Jefferson county, and that under cover of some form of deed the defendants had taken possession of one part of it and, claiming to be the owners thereof, were cutting and removing valuable timber therefrom. The purpose of the bill is to remove this deed as a cloud upon the title and to stay waste.

The tract of land of which complainant claimed to be the owner was described by metes and bounds, and this description was supplemented by a list of the several mesne conveyances through which, it was alleged, the complainant deraigned his title.

Defendants answered, denying that complainant

NOTE.—Mr. Justice Shields, being of counsel, did not sit in this case.

had title to any portion of the tract, and averring title in themselves to the part in controversy.

While preparing for the trial of the case, the complainant discovered that he was unable to produce a grant from the State; and he thereupon proceeded to enter the tract, and upon this entry procured the issuance of a grant.    Having done this, by leave of the court and also by consent of the defendants, he amended his original bill by writing on the margin, immediately following the descriptive portion, these words:    "And being the same land held by complainant under entries 2,202 and 2,203, and grant issued to him by the State."    In the order granting the leave and setting out the words of the amendment is the following recital:    "Thereupon come the defendants by solicitor and enter their appearance and waive copy and notice."    At the same time a formal answer was filed, directed to the bill as thus amended, in which the defendants say that "they deny that the land in controversy in this suit is covered by a grant, or that complainant has any grant as in his amended bill is alleged."    Subsequently the bill by leave of the court and consent of the defendants was further amended on its margin, by giving the date of the issuance and the number of the grant.    In the order authorizing its amendment there is a recital that the defendants come and put in their answer heretofore filed, and rely upon it as an answer to the bill as amended."

Upon the trial of the cause the chancellor dismissed the bill, upon the ground that the complainant could not rely upon his grant, because it was a muniment of title acquired after the institution of suit. The court of chancery appeals reversed this decree and gave complainant relief. The defendants have appealed, and they have assigned errors on this action of that court.

It is true, as insisted by the defendants, that the rule is that if a complainant has no title at the time of filing his original bill, and subsequently acquires one, he can not bring it forward by a supplemental (and, it may be added, by an amended) bill, but he must resort to an original bill. Story, Eq. Pl., sections 339, 340.

No effort, however, was made by the defendants to invoke this rule until, on the trial of the cause, the grant was offered in evidence, when on their motion it was excluded. The complainant now insists that this objection came too late; that the consent which the defendants gave to the making of the amendment, and the formal answer thereto, necessarily implied an agreement on their part that the amended bill was to be treated as in the nature of an original bill setting up this newly acquired title.

There was no objection thus to treat the bill, if the parties so agreed. In fact, it was proper that it should be done, as upon the record it is apparent that the complainant had, under his grant, title to the land,

Love v. Moser.

and it saved circuity of action. And we think such an agreement is clearly implicable from the orders and pleadings in the cause, and that there was no surprise to the defendants in so treating it.

This being so, the court of chancery appeals was right in dealing with the new title as if set up by an original bill, as the effect of the amendment in question was "to operate as a new suit." *Corder* v. *Dolin*, 4 Baxt., 238.

The decree of the court of chancery appeals is affirmed.