## ELI RIDEOUT v. J. F. BURKHARDT et al., Appellants.

### Division Two, February 17, 1914.

1. **PLAINTIFF'S DISABILITY TO SUE: Waived by Answer.** Where the plaintiff, when he brought suit to have lands redeemed from an irregular sale under a deed of trust, had already conveyed his title to another, and that other, after plaintiff had filed his suit, reconveyed to him, and thereafter plaintiff filed an amended petition, defendants, by answering to plaintiff's amended petition and going to trial, waived any right they may have had to object that plaintiff, having no title when he filed his original petition, and being therefore without power to maintain the suit, was not helped by the reconveyance.

2. **NOTICE: Recorded Instruments.** Grantees of land are chargeable with notice of defects in their chain of title shown by instruments duly recorded.

3. **DEFECT OF PARTIES:** Waiver. The right to object to a defect of parties plaintiff is waived unless made by demurrer or by answer in the trial court.

Appeal. from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*C. H. Nearing* for appellants.

(1)   Plaintiff has no interest in the subject-matter and had none at the time he commenced this suit. (2)   Defendants, John C. Breckenridge, Geo. T. Bowman and Charles G. Safford, being remote grantees from the purchasers at the trustee's sale, are innocent holders and take title even if the sale was defective, there being no evidence of actual knowledge of the defects.   Smith v. Boyd, 162 Mo. 154; Adams v. Carpenter, 187 Mo. 613, 27 Cyc. 1494; Schaneweek v. Hoborecht, 117 Mo. 22; Long v. Long, 141 Mo. 352.   (3) There is a defect in parties defendant.   Markwell v. Markwell, 157 Mo. 332.

*Montgomery & Montgomery* for respondent.

(1) To the filing of the amended petition in which Rideout, then owner of the equity of redemption, was the sole plaintiff, there could be but one valid objection, if any, and that was on the ground that the amended petition stated a different cause of action from that stated in the original petition.   That question could only be raised by a motion to strike out or to dismiss the amended petition upon that ground. When respondent answered and went to trial on the amended petition, he waived the defect.   Keen v. Munger, 52 Mo. App. 662; Scovill v. Glasner, 79 Mo. 454; Leise v. Meyer, 143 Mo. 556; Kansas City v. Surety

Co., 196 Mo. 300. (2) A purchaser must at his peril inquire into the state of his grantor's record title, since he will be affected with constructive notice of all duly recorded conveyances affecting the same. He is conclusively presumed to have full knowledge of all recitals in the deeds in his chain of title. In this case the appellants and their predecessors in title had constructive notice that the sale was advertised to be made on an impossible day and that the deed of trust was misdescribed in the advertisement, both of which facts appear on the face of the trustee's deed. Digman v. McCullom, 47 Mo. 372; Scott v. McCullock, 13 Mo. 13; Tydings v. Pitcher, 82 Mo. 379; Freeman v. Moffatt, 119 Mo. 102; Cobe v. Lovan, 193 Mo. 253-4. (3) The alleged defect of parties defendant was not called to the attention of the trial court by demurrer, or appellants' answer, or in the motion for a new trial. It is therefore waived. Sec. 1804, R. S. 1909; Franke v. St. Louis, 110 Mo. 521; Hudson v. Wright, 204 Mo. 424.

WILLIAMS, C.—This is a proceeding in equity brought in the circuit court of Vernon county, Missouri, to redeem certain real estate from the sale under a deed of trust by reason of alleged irregularities in the sale made by the trustee under said deed of trust. The land in controversy consists of about two hundred and twenty-eight acres in Vernon county, Missouri. In February, 1909, plaintiff Rideout purchased the land, taking the same subject to two deeds of trust; one for twenty-five hundred dollars and a second and subsequent one for five hundred dollars. By the second deed of trust the land was conveyed to defendant W. G. Safford, as trustee, for Jessie Ray Safford, the payee in the note and one of the defendants herein. The interest on this second mortgage became due in March, 1909, and by the terms of his purchase plaintiff Rideout was to pay this interest. When the interest became due, although he made considerable effort to

find the owner of the note, he did not succeed in so doing and no demand was made upon him for the interest. On August 3, 1909, Rideout and wife traded this land to E. B. Griffith and on said date made conveyance of said land to said Griffith. On August 4, 1909, said Griffith conveyed the land to one A. J. Patterson. During the course of the trade between Rideout and Griffith, Rideout procured an abstract to be brought to date on the land and then for the first time discovered that the land had been sold on June 8, 1909, by trustee's sale under said second deed of trust, and that at said trustee's sale defendant J. F. Burkhardt purchased the land for the sum of five hundred and fifty dollars and that the trustee under said deed of trust, on June 15, 1909, executed a trustee's deed conveying said land to defendant J. F. Burkhardt. On June 25, 1909, said Burkhardt conveyed said land to Edward P. Mason, defendant herein. On June 22, 1909, said Edward P. Mason by warranty deed conveyed said land to the defendants John C. Breckenridge and George T. Bowman. On June 23, 1909, defendants Breckenridge and Bowman conveyed said land by deed of trust to A. Kuns, trustee for the defendant Charles G. Safford, to secure the payment of a note in the sum of $1850. As soon as plaintiff Rideout discovered the above matters upon examining his abstract, he, together with his first grantee, E. B. Griffith, instituted this suit August 7, 1909. On October 20, 1909, A. J. Patterson, who had received conveyance of this property from said Griffith, conveyed his interest in said land back to plaintiff Eli Rideout, and on March 17, 1910, plaintiff Rideout filed his amended petition setting up the after-acquired interest of Patterson and omitting Griffith as a party plaintiff. The evidence shows that the value of the equity in this farm at the time of the trustee's sale was approximately seven thousand dollars. The trustee's notice of sale and also the trustee's deed to Burkhardt described the deed of

trust as being dated September 13, 1906, whereas the correct date of the deed of trust was March 12, 1906. The published notice of sale stated that the sale would take place on *Monday,* June 8, 1909, and the trustee's deed recites that the sale did occur on *Monday,* June 8, 1909, whereas the evidence shows that June 8, 1909, was on *Tuesday.* Plaintiff tendered into court the sum of the second mortgage and interest and asked that he be permitted to redeem said premises and that the sale by said trustee be set aside and that he hold said premises free and clear from any claim of any of the defendants. The amended petition filed by plaintiff does not differ in its statement of facts from the original petition except that the amended petition states that plaintiff conveyed the property to E. B. Griffith, August 5, 1909, and that said Griffith sold and conveyed the same to one A. J. Patterson and that afterwards, and since the filing of this suit, the said Patterson reconveyed said premises to said plaintiff. The defendants Breckenridge and Bowman, who are the only defendants that have appealed, filed separate answer to said amended petition. In their separate answer, appellants admitted that plaintiff Rideout was the owner of the land at the date of the sale under the deed of trust and alleged that the property was sold under said deed of trust to defendant Burkhardt and that Burkhardt afterwards transferred it to defendant Mason and that defendant Mason conveyed it to said defendants. Said defendants further allege that on the 3rd day of August, plaintiff conveyed said property to one Griffith and "on a later date instituted this proceeding and at a time when he had no right, title or interest in said land and that plaintiff has since said time had possession of said property." Defendants then pray that the plaintiff be ousted from said land and that the possession of said land be vested in said defendants. All of the deeds and deeds of trust above mentioned were of record in the recorder's office of

Vernon county, Missouri. Trial was had resulting in a decree for plaintiff as prayed. The court found that the sale by said trustee under said deed of trust was irregular and did not pass the equity of redemption and permitted plaintiff to redeem the land by paying the amount of the second mortgage and interest into court and found that all the defendants had received their respective conveyances to said premises with full notice of the outstanding right of redemption, and decreed that the trustee's sale and deed and the deed from Burkhardt to Mason and from Mason to these defendants and the deed of trust from these defendants to trustee Charles G. Safford, be each and all set aside and for naught held. Defendants Breckenridge and Bowman filed separate motion for new trial which being overruled by the court, said defendants Breckenridge and Bowman filed their affidavit for appeal to this court. None of the other defendants appealed from said judgment.

I. Appellants contend that since plaintiff did not own an interest in the land upon the date the original petition was filed he cannot maintain this suit, and that the fact that Patterson conveyed the equitable title of said land back to plaintiff after the filing of the original petition and before the amended petition was filed is of no avail to plaintiff. The view that we take of this matter renders it unnecessary to determine whether plaintiff, at the time the original petition was filed, had such an interest in the subject-matter as would entitle him to maintain a suit for a part at least of the relief sought and whether over objection plaintiff would have the right to make such an amendment under the statute allowing amendments. This for the reason that appellants by filing their answer to said amended petition and going to trial waived any objections which they may theretofore have had on said grounds. [Scovill v. Glasner, 79 Mo. 449; Cohn

*Plaintiff's Disability: Waived by Answer.*

v. Souders, 175 Mo. 455; Love v. Moser, 109 Tenn. 143.]

The case of Scovill v. Glasner, supra, dealing with a situation very analogous to the one here involved, has been cited so many times as to be entitled to the rank of a leading case on the question of waiver. In that case plaintiff filed an amended petition which was a complete departure from the original petition in that the amended petition stated a new and distinct cause of action. Motion to strike out the amended petition was filed and overruled and instead of standing on the motion to strike out the amended petition, defendant filed answer. It was held that by filing answer the error was waived. PHILIPS, C., writing the opinion says: "But is the defendant in a situation to avail himself of this error? Instead of standing by his motion to strike out this amended petition, he saw fit to take issue on the merits of the new cause of action. The trial court thus acquired jurisdiction over the person as it already had over the subject-matter. . . . The judgment appealed from is the judgment rendered upon the issue tendered by the last pleading. The examination I have made of cases, where like questions have been before the appellate courts, and the party complaining has secured reversal, shows that it is where he has stood on his motion. I am of the opinion that the better rule to establish touching the practice in this respect would be to regard the error as waived where the party goes to trial on the merits of the amended pleading. He ought not to make the court a place of chance, and appeal only when he has failed on another accepted issue."

At the time the amended petition was filed in the case at bar, plaintiff unquestionably had such an interest in the subject-matter as to entitle him to bring suit for the full relief sought. The court had jurisdiction of the subject-matter, and, applying the logic of the rule announced in the case of Scovill v. Glasner,

Rideout v. Burkhardt.

supra, when the defendants joined issue by filing answer to said amended petition the court acquired jurisdiction over the person of defendants for the purpose of all issues raised by said amended petition and answer and thereby defendants waived whatever right they may have had to object to said amended petition on the ground that it proceeded on a basis of title acquired after the original petition was filed.

In the case of Love v. Moser, supra, plaintiff brought suit to remove a cloud from the title to the land. After filing suit he discovered that he did not own the title. He thereupon acquired the title by grant from the State and amended his petition setting up such after-acquired title. The defendants filed answer to the amended petition and went to trial. Upon the trial defendant first raised the question by objection to the introduction of the grant and the trial court sustained defendant's objection and dismissed the bill "upon the ground that the complainant could not rely upon his grant, because it was a muniment of title acquired after the institution of suit." The court of chancery appeals reversed this decree and granted complainant relief. The defendant then appealed and the Supreme Court of Tennessee affirmed the decree of the court of chancery appeals on the ground that defendant by allowing the amended petition to be filed without objection and by answering said amended petition had treated the amended petition "as in the nature of an original bill setting up this newly acquired title," and that the objection first made to the introduction of the evidence of the after-acquired title came too late.

II.   It is next contended that appellants, "being remote grantees from the purchaser at **Notice from Recorded Instruments.** the trustee's sale, are innocent holders and take title even if the sale was defective; there being no evidence of actual knowledge of the defects."

The defects or irregularities which form the basis of plaintiff's right to redeem were shown by the recitals contained in deeds duly recorded and in the chain of title through which appellants claim. Under such circumstances, appellants are properly chargeable with notice thereof. [R. S. 1909, sec. 2810; Tydings v. Pitcher, 82 Mo. 379; Freeman v. Moffitt, 119 Mo. 280, l. c. 302; Cobe v. Lovan, 193 Mo. 235, l. c. 253-4; Gross v. Watts, 206 Mo. 373, l. c. 394.]

III. The only remaining proposition urged by appellants is that A. Kuns, trustee in the deed of trust executed by appellants, was a necessary party and since he is not made a party there is a defect of parties defendant.

**Defect of Parties: Waiver.**

As to this proposition, it is sufficient to say that appellants having failed to raise the point either by demurrer or answer in the trial court, the point is deemed to have been waived. [R. S. 1909, sec. 1804.]

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. *Walker, P. J.,* and *Brown* and *Faris, JJ.,* concur.