EVERETT E. ADAMS, JOHN SULLIVAN and ESTELLE SULLIVAN, Appellants, v. WALTER M. BOYD and DELLA P. BOYD, husband and wife.—58 S. W. (2d) 704.

Division One, March 16, 1933.

*E. C. Littlefield* and *M. D. Aber* for appellants.

486

*J. K. Owens* and *T. C. Owens* for respondents.

ATWOOD, J.—This is an appeal from a judgment for defendants in a proceeding to recover possession of and determine title to about forty acres of land in Johnson County, Missouri.

John Reiber is the common source of title. Upon his death the land was sold for payment of his debts by appropriate steps in the probate court of said county. Appellants, who were plaintiffs below, claim title under an administrator's deed duly executed and delivered in pursuance thereof and subsequently recorded, while respondents claim under a subsequently executed and recorded sheriff's deed purporting to be in consummation of foreclosure of a deed of trust covering this and other land given by the said Reiber long prior to his death.

Appellants contend that the trial court erred in finding for defendants, and that plaintiffs were entitled to a decree satisfying the deed of trust, cancelling the sheriff's deed, and declaring title in them, because of an oral agreement entered into between Reiber's administrator, the owner of the note secured by said deed of trust and the purchaser at said probate sale that the land here in controversy should be sold free and clear of the lien of said deed of trust, and also because of defects that render the sheriff's deed, under which respondents claim, utterly void. Respondents, on the other hand, say that this is a proceeding at law in which such equitable contentions will not be heard.

Plaintiffs' petition was in two counts, one in ejectment and one to determine title. The first count states a law case only. While in the prayer of the second count plaintiffs asked, among other things, for "full and complete relief whether legal or equitable" yet the body of the petition contained no allegations of fact that would support a prayer for equitable relief. Hence, it stated nothing but a plain action at law though brought under section 1970, R. S. 1919, governing suits to determine title which authorizes both legal and equitable relief when warranted by matters well pleaded. [Con-

gregation B'Nai Abraham v. Arky, 20 S. W. (2d) 899, 905, 323 Mo. 776; Peterson et al. v. Larson et al., 285 Mo. 119, 126, 225 S. W. 704, 706.] Defendants' answer set up only legal defenses, but among them were affirmative pleas of possession and title in defendants with prayer that title be quieted in them. Plaintiffs' first reply was a general denial.

At the trial, after defendants introduced documentary evidence including the Reiber deed of trust, the notice of foreclosure of same, and the sheriff's deed purporting to be in pursuance thereof, by agreement of counsel plaintiffs offered rebuttal evidence, which was not objected to as beyond the pleadings or improper rebuttal, bearing upon certain irregularities and defects appearing on the face of defendants' documentary evidence and also tending to show an agreement between John Reiber's administrator and the owner of the note and the purchaser at the aforesaid probate sale that the land here in question should be sold free and clear of the Reiber deed of trust. Thereupon, over defendants' objection, plaintiffs were permitted to file amended reply to conform to the proof and praying relief in accordance with appellants' contentions hereinabove stated. Undoubtedly plaintiffs would have been entitled to amend their petition to conform to this proof, coming in as it did (Sec. 1274, R. S. 1919; Brandt v. Bente (Mo.), 177 S. W. 377, 379; Fisher & Co. Real Estate Co. v. Staed Realty Co., 159 Mo. 562, 567, 62 S. W. 443), and this is the course ordinarily pursued in such cases. However, in the circumstances stated plaintiffs could offer to join issue, as they did, on the affirmative allegations of the answer by amended reply pleading equitable matters in conformity with the proof (Barron v. Wright-Dalton-Bell-Anchor Store Co., 292 Mo. 195, 211, 237 S. W. 786), and we do not think the court abused its discretion in allowing the amended reply to be filed. [Sec. 1280, R. S. 1919.] The proceeding was thereby converted into one in equity and respondents' contention that it must be treated as an action at law is overruled.

Recurring to appellants' main contentions, the record shows that the Reiber deed of trust was executed August 3, 1912; that the note secured thereby, bearing the same date and due three years thereafter, bore indorsements of six payments one of which was made November 15, 1918, and another June 16, 1924; that some time after the latter payment was made and while there was still a balance of $271.53 due on the note, one Robert Guy Pine purchased the same and thereafter at his request the sheriff of Johnson County, Missouri, undertook to foreclose said deed of trust, and on December 10, 1926, a deed from him to Henry A. Smith bearing the same date, reciting a consideration of $500 and purporting to convey the land described in said deed of trust pursuant to a foreclosure sale of

the same, was filed for record in said county. Thereafter, on January 18, 1929, a warranty deed from Henry Smith bearing date of August 27, 1927 and conveying the land described in said deed of trust and other lands to Robert Guy Pine was filed for record in said county. Thereafter, on February 23, 1929, a warranty deed from Robert Guy Pine bearing date of January 17, 1929, and conveying the land described in said deed of trust and other lands to defendants herein, was filed for record in said county.

With respect to appellants' first contention, conceding there was substantial evidence that at said probate sale a verbal agreement was entered into between Reiber's administrator, the owner of the note secured by Reiber's deed of trust and the purchaser at said sale, that the land here in controversy should be sold free and clear of the lien of said deed of trust, and that Pine having bought the note after maturity took it subject to all existing equities, still we find no evidence that defendants herein had either actual or constructive knowledge of such verbal agreement. Consequently, their rights are not affected thereby and this point is ruled against appellants. [Schwarz et al. v. Kellogg et al. (Mo. Sup.), 243 S. W. 179, 183.]

The defects complained of under appellants' second contention, are: first, that the notice of the foreclosure sale appended to the sheriff's deed and recorded therewith shows that the time at which the sale was to be had was not stated; second, that the deed of trust under which the sheriff undertook to exercise the power of sale named Ed. S. Harte as trustee and further provided that in case of default as therein specified the then acting sheriff of Johnson County, Missouri, should act as substitute trustee only "in case of his inability or refusal to act," while the sheriff's notice of sale recited that he was acting as "successor of the said Ed. S. Harte, owing to his removal from Johnson County, Missouri," and the sheriff's deed to Smith incorrectly stated that said deed of trust authorized him to exercise the power of sale "in case of the absence, death, refusal to act, or disability in any wise of the above mentioned Ed. S. Harte, Trustee," and further stated that "the said Trustee, was absent from Johnson County, Missouri." Appellants claim that by reason of these defects, which appeared on the face of defendants' documentary proof and were further disclosed in plaintiffs' evidence, the attempted foreclosure sale was absolutely void.

The alleged defect as to time of sale relates to failure of the notice to state the year. It merely stated that the sale would be held "on December 10, between the hours of Nine o'clock A. M. and Five o'clock P. M." The proof of publication shows that the notice was duly published on November 18, 1926, November 25, 1926, December 2, 1926, and December 9, 1926, and the sheriff's deed recites

that the sale was had on December 10, 1926. An error in the date of the notice of sale is not generally regarded as material in any such sense as to affect the validity of the sale.` [41 C. J. 954, sec. 1395, n. 74.] There is no claim that any one was misled by failure to insert the year in which the sale was proposed to be had. In such case the current year is meant, and the date may be supplied from the proof of publication, which in this instance was appended to and recorded with the deed. [41 C. J. 954, sec. 1395, n. 72.] ▋ Although on account of this omission the sale was not advertised as provided by law, nevertheless the legal title passed to the purchaser and subsequently to defendants herein, subject only at most to plaintiffs' right to redeem. [Springfield Engine and Thresher Co. v. Donovan, 120 Mo. 423, 328, 25 S. W. 536.] But plaintiffs made no offer to redeem, and the relief prayed in their amended reply, upon which the equitable issues were made, negatives any such purpose. The prayer is that "said deed of trust be adjudged to have been fully satisfied and the said land released from the apparent lien thereof, and that the said Trustee's deed be cancelled and for naught held and that the title of plaintiffs to said lands be fully established and declared and that they be declared the fee simple owners thereof and that the defendants be estopped and forever declared to have no title thereto." Hence, this point also is ruled against appellants.

▋ The next alleged defect goes to the sheriff's right to exercise the power of sale, and presents a more serious question. The power to sell under a deed of trust is a matter of contract between the parties on the conditions expressed in the instrument and does not exist independent of it. [Kelsay v. Farmers' & Traders' Bank, 166 Mo. 157, 171, 65 S. W. 1007.] ▋ A mortgagor may appoint not only a trustee, but a successor, and prescribe the conditions upon which such successor may take the place of the original trustee. [41 C. J. p. 378, sec. 176, n. 61; Irish et al. v. Antioch College et al., 126 Ill. 474, 482.] Such successor is simply a substituted trustee (Dunham v. Hartman, 153 Mo. 625, 632, 55 S. W. 233) with only such powers as the instrument gives him, and he becomes such only upon the happening of a contingency therein named. A power of substitution is to be strictly construed and must be literally complied with, and the conditions which authorize the substitution must exist. [3 Jones on Mortgages (8 Ed.) p. 805, n. 18; 41 C. J. p. 379, sec. 180, notes 89 and 90; 19 R. C. L. p. 592, sec. 407, notes 20 and 1.]

▋ Furthermore, the doctrine of *caveat emptor* applies to foreclosure sales under powers contained in mortgages or deeds of trust, and the purchaser is bound to take notice that all the conditions upon which the trustee's power to act depends have been complied with. [19 R. C. L. p. 623, sec. 439; Rideout v. Burkhardt, 255 Mo. 116, 124, 164 S. W. 506.]

It is apparent from the foregoing that the sheriff in this case was without authority to exercise the power of sale provided in the deed of trust unless there was actual "inability or refusal to act" on the part of the original trustee therein named, and that defendants had constructive notice before purchase of all matters appearing in the sheriff's deed and notice appended thereto and made a part thereof, which was filed for record December 10, 1926. These documents constructively advised defendants that the sheriff assumed to act solely on the ground that the original trustee was absent from Johnson County, and such recital in the deed must be taken as prima facie true. [Sec. 3094, R. S. 1929.] It has been held that even removal from the state does not constitute a refusal by the trustee to perform his duties (41 C. J. p. 380, sec. 182, n. 3), and certainly such recital of his mere absence from the county is no evidence of his refusal to act. However, the trustee's absence from the county might or might not constitute inability to act, depending on the character and extent of his absence.

It may be said that where the authority of a substitute trustee to exercise a power of sale is thus challenged the burden is on the defendants to show that he succeeded to the power in strict accordance with the terms of the deed of trust (Kelsay v. Farmers' & Traders' Bank, supra), and that in this instance defendants not only failed to make any such showing but plaintiffs proved that at the time of the attempted foreclosure and for some time thereafter the original trustee was living at Boonville, Missouri, in the nearby county of Cooper, and was in good health and attending to business. But this is an equity proceeding and where, as here, the recitals in the sheriff's deed did not negative the trustee's disability, which was a contingency named in the deed of trust upon the happening of which the sheriff could have succeeded to the power of sale, diligence or lack of diligence on the part of plaintiffs in ascertaining the pertinent facts *in pais* and acting thereon are determinative of their right to the equitable relief now sought against defendants. As we said in Betzler et al. v. James, 227 Mo. 375, 392, 126 S. W. 1007: "The power of a court of equity is not to be exercised to relieve a party or other person from the consequences of his own inexcusable neglect."

The evidence in this respect shows that plaintiff Everett E. Adams and his father John Adams were present at the above mentioned probate sale and heard the alleged verbal agreement that the land be sold free and clear of the Reiber deed of trust; that they aided the purchaser at said sale by signing his note; that they afterwards became the owners of said land through foreclosure of a deed of trust placed thereon by said purchaser and received trustee's deed therefor dated May 7, 1926, which was recorded May 19, 1926; and that

upon the death of John Adams plaintiffs John and Estelle Sullivan acquired his undivided half interest in the land. Furthermore, plaintiffs not only had constructive notice that the Reiber deed of trust was wholly unsatisfied of record and that foreclosure thereof had been attempted, but it appears from a statement made by one of their attorneys at the trial that the sale became known in that community when the sheriff's deed was recorded and that he discussed the matter with Reiber's former administrator who represented the owner of the note in selling the same to Pine. Plaintiff Everett E. Adams testified at the trial that for twelve years he had lived within about a half mile of the land, that he was executor of the estate of John Adams, deceased, that "we owned the land a few years ago," and that a part of it "was in cultivation when we had it." It does not appear that defendants purchased the land until more than two years after the sheriff's deed was recorded on December 10, 1926, and plaintiffs' petition was not filed until May 8, 1929. Plaintiffs' failure for nearly two and one-half years to investigate and act upon facts *dehors* the record which they now say render the sheriff's sale invalid is unexplained. These facts were apparently available at all times to them, and their continued failure to assert any rights thereunder might well have led prospective purchasers of the land without actual knowledge thereof, as defendants appear to have been, to believe that such facts were not only well known to plaintiffs but were such as rendered the sale valid rather than invalid.

On account of plaintiffs' apparently inexcusable neglect we think equity requires that the judgment be affirmed, and it is so ordered. All concur.