**MORTGAGE ASSOCIATES, INC. and Bell Federal Savings and Loan Assoc., Respondents,**

v.

**Rosalind J. WILEY, and Ella Mae Williams, Appellants.**

No. 45713.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 22, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied April 15, 1983.

Application to Transfer Denied May 31, 1983.

Alif A. Williams, St. Louis, for appellants.

James Brandenburg, Clayton, for respondents.

CLEMENS, Senior Judge.

Defendants appeal from a judgment for plaintiffs in their action for unlawful detainer, Sections 534.030 and 534.210, RSMo. 1978.

Defendants Wiley and Williams (Borrowers) defaulted in payments on their secured note in favor of plaintiff Mortgage Associates, Inc. (Lender). Lender instituted foreclosure proceedings at which plaintiff Bell Federal Savings and Loan (Purchaser) bought the property at the sale.

Defendant-Borrowers remained in possession. Plaintiffs filed for possession under the unlawful detainer statutes. The trial court gave them possession and rental damages and Borrowers have appealed.

Two statutes govern the court's judgment. See Section 534.030 V.A.M.S. defining unlawful detainer: "When any person shall willfully and without force hold over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to him, ... and after demand made, in writing, for the delivery of the possession thereof by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer." And, Section 534.210 V.A.M.S. declares: "The merits of the title shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter."

Judge Stone explained these statutes in *McNeill v. McNeill,* 456 S.W.2d 800[8] (Mo. App.1970). Omitting supporting citations the court declared: "The statutes pertaining to practice and proceedings in forcible entry and unlawful detainer constitute a special, exclusive and preclusive code which is full and complete in itself and leaves us without authority to draw upon other general statutory provisions. We repeat that the sole issue in any unlawful detainer action is the right of possession."

Borrowers raise four grounds for reversal or remand: (1) By Lender's pattern of accepting late payments it had waived its right to prompt payments. (2) Lender failed to show it had met the strict requirements of Chapter 534, RSMo. (3) The foreclosure sale was by a successor trustee whose appointment had not been recorded. (4) The trial court failed to make findings of fact and conclusions of law as requested. These points in turn.

■ Late payments. Defendant's point must fail. First, because Lender gave Borrowers timely written warnings both in November and December, 1980 before Lender began foreclosure in February, 1981. And, Borrowers' deed of trust declared Lender's acceptance of late payments did not constitute a waiver of its right to declare the entire debt due.

Next, Borrowers contend Lender did not show it had failed to give notice of *rent* due it on a precise day, citing *New Brentwood Realty v. Strad, Inc.,* 509 S.W.2d 214 (Mo. App.1974). That is not this case. This foreclosure was not based on rent but Borrowers' failure to duly pay their purchase money note.

■ Here the securing deed of trust declared the Borrower "shall and will surrender peaceable possession of said premises, and every part thereof to said Trustee upon default or to the purchaser thereof at foreclosure sale, without notice or demand therefor". Such a provision precludes need for notice of demand. See *Joseph v. Horan,* 29 S.W.2d 234 (Mo.App.1930).

By their third point Borrowers challenge the foreclosure sale by a successor trustee whose appointment had not been recorded. Borrowers claim the judgment should be reversed because the appointment of successor trustee Millsap had not been recorded before the foreclosure sale.

■ Borrowers cite *Adams v. Boyd,* 332 Mo. 484, 58 S.W.2d 704 [6–10] (Mo.1933). It held that under the deed of trust there in issue the power of the successor trustee

arose only if the original trustee was unable or refused to act. That was not shown; the foreclosure sale was upheld on other grounds. Here, there was no limitation on Lender's right to appoint the successor trustee.

And, Borrowers' point evades the gist of Lender's claim to title. As declared in *Joseph v. Horan*, 29 S.W.2d 234[4] (Mo.App. 1930): "Another error assigned to the action of the trial court is to the court's refusal to admit evidence attacking the validity of the sale under the deed of trust and the trustee's deed to the plaintiff. The sole question at issue in the trial of this case was the defendants' right of possession to the premises... In unlawful detainer actions the only issue is the right of possession." (Citations omitted.) Here, Lender's right to possession was born when Borrowers defaulted, not later at the foreclosure sale.

By Borrowers' final point they argue for remand. This because the trial court did not make specific findings of fact and conclusions of law as called for by Rule 73.01.-a(2).

Borrowers rely on *Springfield Television, Inc. v. Gary*, 617 S.W.2d 86 (Mo.App.1981). The appellate court remanded that case to comply with a defendant's request for specific findings. But in that case there was conflicting evidence about which of two parties was liable for plaintiff's debt. There is no such conflicting factual issue in our case.

Here, there were no disputed factual or legal issues. The record showed Borrowers had fallen behind in payment of their mortgage debt and they had repeatedly received notice the Lender intended to foreclose—which it did. Here, as we declared in *Lopez v. Vance*, 509 S.W.2d 197[9] (Mo.App.1974): "[I]t may not fairly be said that the trial court's failure to honor the request of the plaintiff materially affected the merits of the action or interfered with our review of the legal issues."

Judgment affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.