MARGARET CLARKSON *et als.*, Appellants, *v.* CHARLES CREELY *et als.*, Respondents.

*Equity—Mortgage—Extension of time—Consideration.*—The personal obligation of a party interested in a tract of land subject to a deed of trust to secure payment of a note, and the promise to pay a higher rate of interest, is a good consideration for an extension of the time of payment. Where the sale under a deed of trust was procured by fraud, or the debtor lulled into security by falsehood, and the sale is made without his knowledge, equity will relieve the debtor from the effect of such fraud.

*Appeal from St. Louis Land Court.*

*A. J. P. Garesché*, for appellants.

I. This is not a suit between the holder and the maker of the note; therefore the decisions of Atwood v. Lewis, 6 Mo. 392; Bircher v. Payne, 7 Mo. 462, and of Bond v. Worley, 26 Mo. 255, do not apply. But in Garnier v. Papin, 30 Mo. 247, the court intimates that injunction would be a remedy to enforce such agreements, as are declared in these cases to be invalid as defences at law.

II. The agreement as set up in the petition is a valid

one, and would constitute a valid defence even in an action at law. (Ward, Ass. v. Winship, 12 Mass. 500; Peabody v. Peter, 5 Pick. 1; Farnham v. Ingham, 5 Ver. 14; Hayes v. Gorman, 2 Scam. 430.)

III. It is but right then to enforce it when its disregard would work such hardships and injustice that courts of equity will interfere. (Stong et als. v. Wilkson et als., 10 Mo. 93.)

IV. Luney's neglect to pay the purchase money gave a right to redeem. (Heuer v. Rutkowski, 18 Mo. 216.)

*Glover & Shepley*, for respondents.

BATES, Judge, delivered the opinion of the court.

The amended petition stated that Robert Clarkson died intestate, and that the plaintiffs are his widow and minor children, his heirs; that in his lifetime he made a deed of trust of land in St. Louis, to Creely as trustee, to secure the payment of a promissory note to McCartney & Co.; and that after the maturity of the note, the defendant Luney purchased it from McCartney & Co. The petition then proceeds as follows:

" Plaintiffs further allege that said Margaret Clarkson for and in behalf of herself, and of her co-plaintiffs, her children, induced said Luney to make the purchase, promising and covenanting to and with him said Luney, that if he should purchase said note of said McCartney & Co., and extend the term of the payment for such time as she should be able to pay it, she would pay to him ten per cent. per annum interest, in lieu of the six per cent. the note bore.

Plaintiffs further state, that it was in consideration of, and in pursuance of this agreement, that said Luney (defendant) purchased said note.

Plaintiffs further state, that about the middle of September last past, said Luney demanded payment of same; whereupon said Margaret Clarkson offered to pay him one or two hundred dollars down; and as she was not able then

immediately to pay the balance, that he should wait for the balance until November then next ensuing, and now last past.

Plaintiffs further allege, that thereupon said Luney declared that he could not then agree to it, but would take the proposition under advisement, and would take no action until he advised her of the acceptance or rejection of the offer ; that afterwards, without any notice to her or her co-plaintiffs, said Luney intending to defraud said plaintiffs, caused the trustee in said deed of trust, the said Charles Creely, to advertise the said property, and in conformity with the advertisement it was sold on Saturday, the 15th of October, 1859 ; that said Margaret Clarkson, then hearing for the first time of these proceedings, hastened to said Luney, and tendered to him the whole amount of what was due, but said Luney would not accept of it; that on the day of the institution of this suit she has again tendered it to him, and also all costs of sale to said trustee, said Charles Creely, defendant, and also to said Luney, defendant ; but neither of them will accept of it.

Plaintiffs further state, that at said sale the said Luney (defendant) became the purchaser of said property for the sum of ten hundred and fifty dollars, although the property is worth, in reality, at least fifteen hundred dollars in cash.

Plaintiffs further state, that nothing was paid to bind the bargain, and that no part of the purchase money, so by him bid, was paid by said Luney at the time of the institution of this suit.

Plaintiffs further allege, that no deed has yet passed from said trustee to said Luney, purchaser, nor had any passed at the time of the said tenders, so made by the said Margaret Clarkson ; that unless said defendants be restrained, a deed will be made, and great doubts cast upon the title of Plaintiffs. Plaintiffs therefore pray that they be permitted to redeem said land, and that defendants be restrained and enjoined from the execution of any deed ; or, if one have been made and executed, that they be restrained from filing the same for record."

A demurrer to the amended petition was sustained, and judgment rendered against the plaintiffs, who appealed to this court.

The original contract between Mrs. Clarkson and Luney was upon sufficient consideration. Mrs. Clarkson's covenant to pay the interest (thus increasing the security by her personal obligations), and the additional interest which she undertook to pay, constituted a sufficient consideration for Luney's agreement to purchase the note, and give time for its payment until she should be able to pay it. The time of payment being unascertained by the original contract, would have been fixed and determined by Luney's demand of payment, if he had not at the same time continued the contract in force, by his promising to take the proposition then made by Mrs. Clarkson under advisement, and to take no action until he advised her of the acceptance or rejection of the offer. Under these circumstances, Luney's proceeding to enforce the deed of trust without notice to Mrs. Clarkson of the acceptance or rejection of her offer, or of his intention to cause the property to be sold under the deed of trust, was a fraud upon her which authorizes a court of equity to interfere and permit her to redeem the land.

Whilst it cannot be maintained that a debtor (or his representative) has generally any right to redeem the land sold under a deed of trust after sale, yet if the sale was procured by fraud, or the debtor lulled into security by falsehood and the sale made without his knowledge, it is eminently proper for a court of equity to relieve him from the disastrous effect of such fraudulent conduct; and such relief can be best granted by permitting him to redeem the property. This is not the case of a mere agreement not to sue until a time later than that fixed on a note or bond; but here the original agreement related to a note then past due, and was, as subsequently altered, not to give time, but (pending the consideration of a proposition to pay in a particular manner) to to take no action until he advised her of the acceptance or rejection of the offer.

The demurrer should have been overruled.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.