EARL KIDD and EVELYN KIDD, Appellants, v. FRED SCHMIDT.—136 S. W. (2d) 72.

Division One, January 23, 1940.

*Anderson & Whittington* for appellants.

*David B. Russell* for respondent.

BRADLEY, C.—This cause was commenced in two counts. The first was in ejectment to recover possession of two lots in Times Beach, St. Louis County, and the second count which was dismissed, was to enjoin defendant from further building operations on the premises which might result in liens for work and material. The ejectment count is conventional in form and fixes December 5, 1935, as the date of unlawful entry. The answer to the first count (ejectment) is a general denial and allegations about the same as in a cross petition (hereinafter set out) filed by defendant to cancel a deed conveying the two lots to plaintiffs, and for other relief. So far as appears here, no reply was filed. The court found for defendant in the ejectment case and also on his cross petition, and plaintiffs appealed.

Plaintiffs (appellants here) have brought up the record proper only, and defendant (respondent here) has not filed a brief. As stated, the ejectment count is conventional in form, and it is not necessary to set it out. The cross petition follows:

"Defendant, further answering, and as and for his cross bill herein states: That on and for a long time prior to the 4th day of December, 1935, defendant was the owner in fee simple and in possession of the certain real estate mentioned and described in plaintiff's petition.

"That shortly prior to said date defendant made and entered into a contract in writing with plaintiff, Earl Kidd, by the terms of which said plaintiff promised and agreed that in consideration of the conveyance to him of the title to said described real estate he would permit defendant to occupy and reside on said real estate, and he to furnish to defendant food, clothing and proper support, maintenance for the remainder of defendant's life, and in pursuance of the terms of said contract defendant, on or about the said 4th day of December, 1935, *caused* (Italics ours) the title to said real estate to be conveyed to said plaintiffs; that thereafter, and until on or about the 25th day of March, 1936, plaintiff, Earl Kidd, performed said contract on his part, at which time said Earl Kidd notified defendant that he was unable to longer perform his part of said contract and that he would reconvey the title to said property to defendant; and at all times since said date said plaintiff, Earl Kidd, has failed, neglected and refused to comply with or perform any of the terms of said contract, and has wrongfully and fraudulently failed to reconvey the title of said property to defendant.

"That at the time of the conveyance of the title to said real estate to said plaintiffs and the execution of said contracts said plaintiff promised and agreed with defendant, as a part of the consideration of said conveyance, to cause said conveyance, together with said contract, to be recorded in the recorder's office of St. Louis County, Missouri, in order that defendant's rights and interests in the premises be

fully protected, yet while said plaintiff caused said conveyance to him to be recorded, and informed defendant that he had done likewise to said contract, in furtherance of a design and intent on his part to deceive, cheat and defraud this defendant and to wrongfully and fraudulently deprive defendant of the title to said property, said plaintiff has at all times since its execution fraudulently failed and neglected to cause said contract to be recorded as aforesaid.

"That on the 12th day of April, 1936, the house and residence on said real estate was destroyed by fire, and defendant, believing said plaintiff's statement previously made to him that he would no longer perform his part of said contract and that he would reconvey said property to defendant, and relying thereon, by defendant's own efforts and the charity of his friends and neighbors, erected another dwelling on said property, and although plaintiffs well knew of the building of said residence, they made no complaint or objection to the erection of said building and made no claim of any interest or title to said real estate until the building was completed; that on the 20th day of July, 1936, when said plaintiff, Earl Kidd, notified defendant to desist further acts of ownership on said property.

"Defendant further states that the plaintiffs herein are insolvent and defendant is without adequate remedy at law.

"Wherefore, defendant prays that said conveyance so executed on or about the 4th day of December, 1935, to said plaintiffs be cancelled and set aside; that said plaintiffs be divested of all right, title and interest in said decribed real estate, and that all such title be vested in this defendant, and for such other and further relief as may be just and equitable."

The judgment recites that "the court having heard the evidence and proof adduced and the arguments of counsel, and being fully advised in the premises, now finds in favor of the defendant on plaintiffs' petition, and further finds in favor of the defendant and against plaintiffs on defendant's cross bill. It is, therefore, considered, ordered, adjudged and decreed that the certain deed made, executed and delivered by Florence English to plaintiffs, Earl Kidd and Evelyn Kidd, his wife, on the 4th day of December, 1935, purporting to convey to said plaintiffs the following described real estate situated in the County of St. Louis, State of Missouri, to-wit, (description) which deed was filed in the office of the recorder of deeds of St. Louis County, Missouri, on the 5th day of December, 1935, and recorded therein in book 1381, at page 181 thereof, be and the same is hereby canceled, vacated, set aside and for naught held; and that the plaintiffs, Earl Kidd and Evelyn Kidd, be and each of them are hereby divested of all right, title and interest in and to the same."

It will be noted that defendant does not allege in the cross petition that *he* conveyed the lots to plaintiff, but that he *caused* the conveyance to be made. Also, it will be noted that the judgment sets aside the

deed (to the lots) by Florence English to plaintiffs, and *divests* title from plaintiffs, but does not vest title in defendant. Florence English was not a party, and it is contended that she was a necessary party, and that, in the situation, the judgment is void.

12 Corpus Juris, Secundum, page 1031—Cancellation of Instruments—Section 54, says that, in an action to cancel or set aside a deed, the grantor, if living, is a necessary party, and if dead, his heirs or other interested persons are necessary parties. In 9 Corpus Juris, page 1225—Cancellation of Instruments, section 126, the law is stated thus:

"It is the general rule, in suits for rescision or cancellation, that all persons whose rights, interests or relations with or through the subject matter of the suit would be affected by the cancellation or rescission should be brought before the court, so that they can be heard in their own behalf. This is in accordance with the well settled rule that in suits in equity every person having or claiming equitable or legal rights in the subject matter must be made a party. The court cannot undertake to cancel a written instrument without having before it all the parties to be affected by the proposed cancellaion. And where a final decree in a suit to cancel deeds cannot be made without materially affecting the interests of persons not made parties, neither the court of original jurisdiction nor of review should proceed further until the omission is corrected, although no objection is made by any party litigant." [9 Am. Jur., p. 395—Cancellation of Instruments, sec. 54, is to the same effect.]

Henry et ux. v. Bank of Wentworth et al., 302 Mo. 684, 259 S. W. 462, was to cancel a note and a deed of trust securing same. In the course of the opinion the court said (259 S. W. 466) that "in an equity proceeding any person having an interest in the subject matter of the action may be made a party. A grantor, for instance, is a necessary party in an action affecting the title to land which he has conveyed with covenants of warranty."

It does not appear from the record before us that the deed from Florence English to plaintiffs contained covenants of warranty, but whether it did or not, under the general rule, she was a necessary party after defendant came forward with his cross petition seeking to set aside the deed she made to plaintiffs.

It will be observed that defendant, in his cross petition, alleged, in effect, that, prior to the conveyance from Florence English to plaintiffs, he "was the owner in fee simple and in possession." Even though such were true, it would in no wise affect any warranty that Florence English may have made.

In view of the situation, the judgments, both on the ejectment count and on the cross petition, should be reversed and the cause remanded. It is so ordered. *Hyde* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.