GEORGIA A. SHEPARD, Appellant, v. CARL A. SHEPARD et al.—No. 39018
—186 S. W. (2d) 472.

Division Two, February 5, 1945.

Rehearing Denied, April 2, 1945.

*A. H. Garner* for appellant.

*Norman & Foulke* for respondents.

WESTHUES, C.—This is an equitable proceeding wherein plaintiff, Georgia A. Shepard, seeks to set aside a judgment of the probate court of Jasper county, Missouri, in favor of Minnie Sharp against the estate of Mary May Shepard, deceased. Plaintiff also asked in her suit that the title to lot 13, Barbee's Second Addition to the city of Joplin, Jasper county, Missouri, be quieted as against the defendants. From an adverse judgment plaintiff appealed.

■ Respondents filed a motion to dismiss the appeal on the theory that appellant has not complied with our rules. In support thereof an additional abstract was filed to show that the entire evidence has not been presented to this court. In equity cases, such as this is, that is required. However, in this case the defendants offered no evidence at the trial. The defense was, that under the law the plaintiff had no right to question the validity of the judgment in the probate court. Note what was said by the attorney for the defendants at the close of plaintiff's case:

"We are standing pat on the motion, we are not going to introduce any evidence. It is a law question." The evidence presented to us by appellant is sufficient for a complete understanding of the case. We examined the additional abstract of the record and the matters omitted from appellant's abstract were not material and in no way mitigated the defendants' theory of the law. We therefore rule the point against respondents and overrule the motion to dismiss.

The defendants named in the suit are Carl A. Shepard, former husband of plaintiff, and Minnie Sharp, owner of the judgment in the probate court. Carl A. Shepard was the executor of his mother's, Mary May Shepard's, estate. The facts as stated in plaintiff's petition are briefly as follows: In the year 1933 plaintiff obtained a divorce from the defendant Carl A. Shepard. The judgment provided that the defendant pay $5.00 per week for the support and maintenance of an infant child. In 1941 there was a balance of $1569 due on that judgment. In April, 1941, Mary May Shepard died and by her will the lot above described was left to Carl Shepard. At the death of the mother plaintiff's judgment became a lien against the lot. Thereafter Minnie Sharp, a sister of the deceased and an aunt of Carl, filed a claim against the estate in the sum of $3000 for alleged services rendered to the deceased. This claim was allowed. Thereafter plaintiff had an execution ■ issued upon her judgment and pursuant thereto all of the right, title and interest of Carl A. Shepard in the lot was sold and plaintiff became the purchaser. A deed was executed and delivered to her. Plaintiff in her petition stated that the defendants and each of them claimed some interest in the lot in question because of the claim allowed in the probate court. Plaintiff alleged that the claim of Minnie Sharp was filed and allowed upon a fraudulent claim and was obtained upon false and fraudulent statements made in collusion with the defendant Carl A. Shepard, executor of the estate; that in fact at no time was the estate indebted to the said Minnie Sharp in any sum; that the claim was fraudulently obtained for the purpose of defeating the judgment of plaintiff against the defendant Carl A. Shepard. Plaintiff in the prayer of her petition asked that the allowance of the demand of Minnie Sharp in the probate court be set aside and for naught held; that the court adjudge, determine, settle and quiet the title and enter a decree that plaintiff

be the sole owner of the lot and that the defendants and all persons claiming by or through them be barred from setting up any claim or title to said lot.

The defendant Minnie Sharp filed an answer alleging that the demand allowed in the probate court was a valid and binding judgment and constituted a prior lien against the lot in question and that the title of plaintiff was subject to that lien. Defendant in her prayer also asked the court to try and determine the rights of the parties and to adjudge that the judgment in the probate court be held to be a prior lien to that of plaintiff's lien and that the court order the lot sold to satisfy the defendant's judgment.

The trial court, after hearing evidence, dismissed plaintiff's petition. The defendant's counterclaim was also dismissed and the costs were assessed against plaintiff. The court in its judgment held that the allowance of the defendant's demand of $3000 was a final judgment not subject to collateral attack; that the lot in question was subject to the payment of the debts of the estate in case the personal property was insufficient; that a petition was then pending in the probate court to sell the lot to satisfy the defendant's claim. The court also found that the execution sale on plaintiff's judgment was premature and therefore null and void.

■ This being a case in equity this court has the duty to review the evidence upon the merits. We are of the opinion that the charge of fraud as alleged in the petition was proven beyond doubt. The defendant introduced no evidence to refute that of plaintiff on this issue. Briefly the evidence offered was as follows. Minnie Sharp claimed that she had waited on her sister, the deceased, for about fifteen years. On July 8, 1941, she filed a demand for these services in the sum of $3000 against the estate. The demand was allowed on August 20, 1941. She did not testify at the trial in the circuit court. Plaintiff took her deposition which was introduced in evidence. In this deposition she made some damaging admissions. She admitted that during the fifteen years preceding her sister's death she had lived in Oklahoma, Kansas and Missouri, but never near the home of her sister. A disinterested witness, who had been a neighbor of the deceased, testified that she often visited her but that she did not see Minnie Sharp until after the death of Mrs. Shepard. Other testimony corroborated that evidence and it is evident that Minnie Sharp did not perform the services for which she made a claim. In the deposition she was asked about statements she was alleged to have made with reference to Carl Shepard offering her $100 to testify. The examination included the following:

"Q. Did you say this: 'It looks to me like it is worth $100 to testify for either one of you, and I need the money badly'? A. Yes, sir; I think I did. I think it would be.

1062

"Q. Now, you would testify for Mrs. Shepard as soon as you would for Carl, wouldn't you? A. No, sir.

"Q. If she would pay you the $100? A. No, sir.

"Q. You have changed your mind since you made the statement the other day? A. Yes, sir; I have changed my mind."

"Q. Did you tell her you would appear for her if she would pay· you? A. Yes, sir.

"Q. Did you tell her— A. (Interrupting) I told her I thought I could get $100 out of Carl, and she said it was a very little bit, and I said, 'Would you be willing to pay more or that much?' I don't remember what she said."

"Q. Back to the conversation at your house the other day, did you tell Mrs. Shepard that you had hidden from Carl on numerous occasions by reason of him wanting you to do this, that or the other? A. Yes, sir; I did.

"Q. Why did you do that? A. I didn't want to be in any trial. I was afraid of lawsuits."

"Q. You knew this plaintiff, Georgia Shepard, had a claim for alimony? A. Yes, sir.

"Q. He told you all about that? A. I think so.

"Q. He told you unless you would absorb the estate by your claim she would get it? A. I guess so.

"Q. You knew that was done? A. Yes, sir.

"Q. You knew the claim was made to defeat her claim? A. Yes, sir.

"Q. You knew if you could establish your claim she wouldn't get it? A. Yes, sir."

"Q. In the Probate Court you and Carl were the only ones there to testify? A. That is all I know of.

"Q. Of course not—and she didn't promise to pay you the $100 for coming? A. No, sir."

There can be no doubt that the claim of Minnie Sharp was fictitious and was filed against the estate for the sole purpose of defeating plaintiff's judgment against the defendant Carl Shepard. Defendants at the trial did not attempt to refute the charge. They relied entirely upon the defense that plaintiff's attack upon the judgment of the probate court was collateral and therefore plaintiff's case must fail. In the brief filed in this court the judgment here for review is sought to be sustained upon the theory that the allowance of the claim in the probate court was a final judgment not subject to collateral attack; that one not a party to a judgment has no right to ask to have it set aside and that the petition stated no cause of action.

That the allowance of the claim in the probate court became a final judgment there can be no doubt, but we do not agree that plaintiff's attack upon the judgment is collateral. Plaintiff designated her suit as a suit to quiet title. However, the main object of the action is to set aside the judgment obtained in the probate court and to forever bar the defendants from claiming any right in or title to the lot in question by virtue of that judgment. The parties alleged to have procured the fraudulent judgment were the only parties made defendants. It was charged in the petition that the claim filed and allowed was fraudulent because in truth and in fact the estate was not indebted to the claimant and the purpose of the collusion and fraud was to defeat plaintiff's judgment. The charges in the petition were not mere conclusions but statements of ultimate facts. Collusion between Carl Shepard and Minnie Sharp was substantiated by evidence. So was the charge that the claim was fictitious. We consider the petition a direct attack upon the judgment in the probate court. Respondents cited two cases to sustain the contention that plaintiff's attack was collateral. They are, Owen v. Long, 340 Mo. 539, 104 S. W. (2d) 365; Linville v. Ripley, 347 Mo. 95, 146 S. W. (2d) 581. In Owen v. Long, a suit to quiet title, plaintiffs sought to question a foreclosure judgment wherein they had been defendants. It is evident that the plaintiffs in that case were in an entirely different position than plaintiff in the case before us. It was held the question was res adjudicata. In Linville v. Ripley the defendants raised a question of the validity of a judgment in an answer filed. The record shows that the defendants were heirs of an estate which had resisted the allowance of the claim which ripened into the judgment sought to be set aside. This court held that the defendants' answer constituted a collateral attack, but sustained the defendants because this court held the judgment void and therefore subject to collateral attack. In the case before us plaintiff was not a party to the suit or claim in the probate court which ripened into a judgment. As we shall presently see plaintiff was entitled to maintain this suit. Sufficient facts were alleged to invalidate the judgment and plaintiff asks to have it set aside. The relief prayed for, that her title be quieted as against the defendants, was only incidental to the main object of the suit. We deem the petition sufficient to state a cause of action.

A judgment creditor may maintain a suit to set aside a judgment obtained for the purpose of defeating the judgment creditor. In 34 C. J. 348, sec. 562, we find the following:

"Judgment creditors whose interests are affected may maintain an application to vacate a prior judgment against their debtor upon the ground that such judgment is fraudulent as to them, . . ."

In 37 C. J. S. 894, sec. 44, we note the following statement:

"A debtor will not be allowed to hinder, delay, or defraud his creditors by means of a collusive and fraudulent judgment and execution thereon, although the judgment may be recovered in all due legal form in an action, and where this occurs the judgment may be vacated."

■ We cannot agree with the trial court that the suit was prematurely brought. The decree recited that a petition was pending in the probate court to have the lot in question sold to satisfy the claim of the defendant, Minnie Sharp. Had plaintiff waited with her suit until the estate was closed, she probably would have found that·a third party had purchased the lot and that her lien was lost entirely. Equity rewards the vigilant. The interest of the defendant, Carl Shepard, in his mother's estate was subject to execution. The general rule is stated in 33 C. J. S. 181, sec. 50, as follows:

"The estate of an heir is an undivided interest in each and every tract of land owned by the ancestor at the time of his death. Subject to the debts of the ancestor, it may be levied on by execution or attachment, and sold as the property of the heir."

■ The title plaintiff acquired at the execution sale was no more and no less than the title the defendant, Carl Shepard, had as a legatee of his mother. Plaintiff's title, of course, is subject to the legitimate debts of the estate, when and if it becomes necessary to sell real estate to satisfy the claims of creditors. From what we have said it follows that the judgment of the trial court cannot be sustained. The judgment dismissing plaintiff's petition is hereby reversed and set aside and the cause remanded to the trial court with directions to enter a decree in conformity with the views herein expressed; to grant plaintiff the relief prayed for, that is, that the judgment of the probate court allowing the claim of Minnie Sharp be set aside in so far as it affects plaintiff's rights in and to the lot in question; to decree plaintiff the owner of the lot, subject only to the legitimate claims, if any, against the estate of Mary May Shepard if the personalty be not sufficient to pay such claims. It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.

### ON RESPONDENTS' MOTION FOR REHEARING.

■ PER CURIAM:—Respondents filed a motion for rehearing earnestly insisting that our opinion reversing the judgment of the trial court and directing a judgment in favor of plaintiff, appellant,· should be set aside. It is not often that this court answers contentions made in a motion for rehearing when we are satisfied that the opinion is correct. We do so in this case solely because attorneys for Minnie

Sharp seem to feel that their client has not had her day in court. It is insisted that the case was tried in the circuit court solely on the theory of whether the judgment in the probate court, obtained by respondent Minnie Sharp, could be collaterally attacked, and that Minnie Sharp introduced no evidence on the question of whether there was collusion between her and her co-defendant, Carl Shepard, in procuring the judgment in the probate court.

We do not agree. Plaintiff's petition, as stated in the original opinion, was a direct attack upon the judgment of the probate court on the ground that it had been procured by collusion for the purpose of defeating a judgment plaintiff had obtained against Carl Shepard for alimony and maintenance of a minor child. That was the charge in the petition. The answer filed contained, among other matters, a general denial, thus placing in issue the question of collusion and fraud. We pointed out in the opinion that Minnie Sharp, in her deposition introduced by plaintiff, admitted that the judgment in the probate court in her favor was procured for the purpose of defeating plaintiff's judgment against Carl Shepard. Plaintiff, therefore, did try the case upon the theory of collusion and fraud and supported the charge by evidence. It was not plaintiff's fault that defendants relied on a point of law and did not introduce evidence. Defendants announced that they had no evidence to offer. Now they ask this court to remand the case and order it retried. That would mean, as said by this court en banc in the case cited in the motion for rehearing, Walther v. Null, 134 S. W. 993, 233 Mo. 104, giving the defendant her day in court twice when she was entitled to her day in court only once. See 134 S. W. 993, l. c. 995, where the court said:

". . . a legal controversy should be set at rest once for all—in one suit, with one day in court, not two."

That language applies to Minnie Sharp in this case. In that case the court also held that a judgment may be set aside by a "direct attack by a bill in equity, charging facts constituting fraud in the very concoction of the judgment itself;" That is just what plaintiff did in this case. Minnie Sharp has had her day in court. She was charged with fraud and collusion in aiding Shepard to defeat a judgment against him in favor of his former wife. She denied the charge in her answer, but as her sole defense relied upon her theory that the petition constituted a collateral attack. Note, and we repeat the statement made by defendants' counsel at the close of the case:

"We are standing pat on the motion, we are not going to introduce any evidence. It is a law question."

The motion to dismiss relied on filled the function of a demurrer and the announcement that no evidence would be introduced amounted to a submission of the case on plaintiff's evidence. In view of the evidence given in the deposition by Minnie Sharp the defendants'

counsel should not be censored for taking this course. In the circumstances we are not justified in remanding the case for retrial. As to a demurrer to plaintiff's evidence in equity cases the rule is stated in 30 C. J. S. 972, sec. 579, as follows:

"Dismissing a bill at the close of plaintiff's case, before defendant presents or rests his case, is not correct practice in equity, in the absence of express provisions to the contrary. The case being set down for hearing on the bill, answer and proof, if defendant is willing to risk his case on plaintiff's proof or rather the failure of plaintiff to prove his case, he should submit the case to the court for final hearing, and if he is not so satisfied, he should present what proof he desires or may be able to present."

We have not overlooked such cases as Leeper v. Bates, 85 Mo. 224, and Healey v. Simpson, 113 Mo. 340, 20 S. W. 881, where equity cases were remanded for retrial. The cases had been submitted on plaintiff's evidence. In those cases the defendants had interposed demurrers which the trial court had sustained. A questionable practice in equity cases. Troll v. Spencer et al., 238 Mo. 81, 141 S. W. 855, l. c. 858 (4). In the cases of Connecticut Mut. Life Ins. Co. v. Smith, 117 Mo. 261, 22 S. W. 623, l. c. 633, and Howard v. Zweigart, 197 S. W. 46, l. c. 49 (3), defendants were charged with fraud but did not testify. This court in each case reversed the judgment for the defendants and ordered the trial court to enter judgment for the plaintiffs. While this court has the authority at its discretion to remand equity cases for retrial, when it is satisfied that the parties may have other evidence to offer, it is not mandatory. First Nat. Bank of Monett v. Vogt, 344 Mo. 284, 126 S. W. (2d) 199, and cases cited supra. In the case before us we deem such action not justified.

In the motion for rehearing it is also asserted:

"That the Court in its opinion, by reversing and remanding the cause without re-trial, entirely overlooked the propositions that have arisen since the trial and while the matter was pending in this Court, which must of necessity be taken into consideration in order to arrive at a just verdict between the parties in this, to-wit: That since the trial, the party, Carl A. Shepard has paid on said judgment, and the appellant has accepted on said judgment, several hundred dollars in money, notwithstanding the fact that the said judgment was satisfied by the alleged sale of the property in question in this action, . . ."

This court did not overlook the matters above set forth because they were not in the record to be overlooked and we were and are now entirely ignorant of whether those events transpired. When a case has been tried and an appeal taken from the judgment, the record of the case as made in the trial court is not a loose-leaf ledger so as to permit insertion of matters subsequently transpiring, but the record constitutes a closed book binding on the parties to the suit. If, as is alleged,

Carl Shepard paid his former wife any money on the judgment she obtained in the divorce case after the present case was tried, this court, off the record, may commend him for paying his just debts, but cannot and is not permitted to take such fact into consideration in determining this case. Neither do we know, as alleged in the motion, that ▮ the judgment was satisfied by virtue of the sale under plaintiff's execution. If the proceeds of the sale were sufficient then of course it was satisfied, otherwise not. The motion for rehearing is overruled.