MORRIS CASPER, Appellant, v. J. R. LEE, JR., Respondent, No. 42062— 245 S. W. (2d) 132.

Court en Banc, January 14, 1952.

*Oliver & Oliver* and *Gerald B. Rowan* for appellant.

930

*Harry C. Blanton* and *David E. Blanton* for respondent.

934

935

ASCHEMEYER, C.—Appellant, who was plaintiff in the trial court, filed suit in the Circuit Court of Scott County to set aside a foreclosure sale held under a deed of trust securing an indebtedness owing by appellant to defendant (respondent). The petition prayed that the trustee's deed conveying legal title to described real estate to respondent (who purchased at the foreclosure sale) be cancelled and set aside; that title to the real estate be declared to be in appellant; and that respondent be required to account for the rents and profits realized on the real estate, less the amount of indebtedness and interest thereon, to respondent. Summons was served upon respondent who failed to file any pleading to the petition within the time required. A default judgment was entered against respondent on October 5, 1949, setting aside the foreclosure sale and the trustee's deed; declaring legal title to the real estate to be vested in appellant; adjudging that appellant recover $2856.47 as the net amount of rentals due him after off-setting $1,000.00 principal and $693.33 interest due respondent; and decreeing the deed of trust to be paid and discharged by reason of such accounting.

On December 7, 1949, more than thirty days after the entry thereof, respondent filed a motion to vacate and set aside the default judgment. After hearing, the motion was sustained; the judgment was set aside; and the case was ordered reinstated on the docket. After an unavailing motion for a new trial, appellant has taken this appeal from the order or judgment setting aside the judgment in favor of appellant. An appeal lies from such an order or judgment. Harrison v. Slaton (Mo. Sup.), 49 S. W. 2d 31, 34; Ford v. Ford (Mo. Sup.), 24 S. W. 2d 990, 992. Title to real estate is involved and this Court has appellate jurisdiction. Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. 2d 771; Caruthersville School District No. 18 v. Latshaw, 360 Mo. 1211, 233 S. W. 2d 6, 8.

The petition is in two counts and may be summarized as follows: On December 19, 1940, appellant executed and delivered to respondent a promissory note for $1,000.00 due one year after date with interest at eight per cent and on the same date executed, as security therefor, a deed of trust to J. E. Smith, as trustee, upon described real estate. The deed of trust was duly recorded in Scott County. Short-

ly before December 19, 1941, the due date of said note, appellant informed respondent that he would not be able to pay it when due, and respondent promised that he would not foreclose the deed of trust without informing appellant thereof. Notwithstanding this promise, respondent caused the trustee to advertise the property for sale under a trustee's notice and the property was offered for sale at a public auction on February 13, 1942, at the Court House in Benton, Missouri. Respondent was the highest bidder and bought the real estate for $225.00. The trustee executed a trustee's deed purporting to convey the property to respondent. This deed was duly recorded in Scott County.

Immediately after the trustee's sale, respondent took possession of the real estate and has retained possession thereof and has collected all rentals thereon. On February 13, 1942, the fair market value of the real estate was $5,000.00. During the period from December 19, 1940, until after the date of the trustee's sale, appellant was out of the State of Missouri "a great portion of the time", did not read the published notices of the trustee's sale and had no actual knowledge of the pending sale from respondent or anyone else.

The petition then alleges:

"That the foreclosure sale aforesaid was fraudulently and unlawfully conducted by defendant and by said J. E. Smith, who was acting at the instance of defendant, for the reason that, although defendant had promised plaintiff he would give him additional time in which to pay the note, would not foreclose the deed of trust immediately after the note was due, and would not foreclose the deed of trust without informing plaintiff of such foreclosure, he proceeded, without notice to plaintiff, to foreclose said deed of trust and to cause the said real estate to be offered for sale; and said sale was fraudulent and invalid because the consideration offered by defendant and paid for such property at such foreclosure sale was so grossly inadequate, considering the real market value of the real estate sold, as to shock the conscience of a court of equity."

It is then alleged that respondent had collected rentals and had realized income from the property in the approximate amount of $5,000.00 for which appellant is entitled to an accounting and that appellant is indebted to respondent upon the promissory note in the principal amount of $1,000.00 with interest amounting to $693.33.

The second count of the petition realleges all of the facts we have summarized with the exception of the statement of the amount of indebtedness owing to appellant. As to this, the second count states that when the note for $1,000.00 was executed and delivered, appellant received only $750.00 from respondent and that the additional sum of $250.00 incorporated in the note constitutes usurious interest.

It is alleged that, by reason of such usury, the deed of trust securing the note is invalid and unenforceable so that the purported foreclosure sale and purchase thereunder by respondent were invalid and ineffectual to convey legal title to the real estate to respondent. It is then alleged that appellant is indebted to respondent in the principal sum of $750.00 together with interest thereon in the amount of $520.00.

The decretal part of the judgment entered by the trial court has already been summarized. Other portions of the judgment will be referred to in the course of the opinion.

The motion to set aside the default judgment is denominated to be "In the nature of a Writ of Error Coram Nobis and because of errors patent on the record as authorized by Section 1267, R. S., Mo. 1939." It is permissible to present such issues in the same motion. Crabtree v. Ætna Life Ins. Co., 341 Mo. 1173, 111 S. W. 2d 103, 106. The motion stated the following grounds for setting aside the judgment: (1) After being served with summons, respondent employed a member of the Scott County Bar (not present counsel) to enter his appearance and file the necessary pleadings setting up respondent's defenses but that through inadvertence his lawyer failed to appear and file a pleading although he had assured respondent he would do so. (2) Appellant had the court enter an interlocutory and final judgment on October 5, 1949, without notice to respondent and without having the cause placed upon the trial docket, in violation of Section 510.070, R. S. 1949; (3) Appellant was not the owner of the property covered by the deed of trust at the time of foreclosure, at the time he filed the instant suit, and at the time judgment was rendered, having conveyed legal title thereto to one M. C. Bruce by a deed dated July 1, 1941, and recorded in Scott County; that such fact was unknown to respondent and the trial court at the time judgment was entered and, if known to the court, would have precluded the entry of judgment. (4) The subject matter of the instant suit was res adjudicata since another suit seeking the same general relief against respondent had been filed by appellant on April 11, 1945. This suit was dismissed for want of prosecution on March 8, 1948, and this dismissal, by force of the Civil Code of 1943 was with prejudice and barred the instant action. (5) The petition fails to state a cause of action because (as to Count I) it fails to allege any consideration for a definite agreement to extend the time of payment of the deed of trust indebtedness and mere inadequacy of purchase price does not justify vacating the trustee's sale; and (as to Count II) usury, if it existed, would not invalidate the lien of the deed of trust to the extent of the indebtedness legally due. (6) The judgment on its face is contradictory. (7) The trustee of the deed of trust (J. E. Smith) was a necessary party defendant and his nonjoinder as a party nullifies the judgment.

The motion also alleged that respondent has good and valid defenses to the merits, as follows: (a) a denial that there was any agreement with appellant concerning foreclosure of the deed of trust as alleged in the petition; (b) a denial that the property was sold for a grossly inadequate sum; (c) a denial of the usury alleged in Count II and a statement that, in any event, the deed of trust was valid to the extent of any sum legally due respondent; (d) that the property purchased at the foreclosure sale was worth $1,000.00 and not $5,000.00 and that appellant had abandoned the property and absconded from the State of Missouri; (e) that the amount of rentals collected by respondent was substantially less than the amount adjudged to have been collected; that respondent paid taxes on the property and substantial amounts for repairs; and that if these facts had been known to the court they would have precluded a judgment against respondent even if the foreclosure sale were set aside; and (f) that the relief appellant seeks is barred by laches and statutes of limitation.

Finally, respondent alleges that he "was guilty only of excusable neglect" in not protecting his interests since: He relied upon the statements of the attorney employed by him that his interests would be protected; he was a layman unfamiliar with the procedure necessary to protect his interests; he knew that the prior suit against him had taken a protracted course and had finally been dismissed; he learned of the default judgment more than thirty days after it was entered; and he filed his motion to vacate the judgment within a reasonable time.

The allegations of respondent's motion and the evidence offered in support thereof tend to show, prima facie, that respondent has a defense which goes to the merits of appellant's suit. A clerk of the trial court testified that the case was not set down for trial. Since no answer had been filed, it was called on October 5, 1949. The case was heard and judgment was entered on that day. This was in accordance with the regular procedure of the trial court in default cases.

Respondent testified that on the day after he was served with summons he employed a lawyer who has an office in Benton, Missouri. He went to the lawyer's office and employed him to look after his interests in the case. He had previously employed the same lawyer in other matters including the suit which appellant had filed against him in 1945. He first learned that a default judgment had been entered against him sometime after November 5, 1949.

The order of the trial court sustaining respondent's motion to vacate the judgment specified that the motion was sustained on the ground that the trustee named in the deed of trust was a necessary party to the suit and that his nonjoinder, apparent on the face of the record, nullifies the judgment. By this order, the trial court,

in effect, overruled all of the other grounds stated in the motion. O'Shea v. Pattison-McGrath Dental Supplies, 352 Mo. 855, 180 S. W. 2d 19, 23; Murphy v. Kroger Grocery & Baking Co., 350 Mo. 1186, 171 S. W. 2d 610, 611; Sakowski v. Baird, 334 Mo. 951, 69 S. W. 2d 649, 651.

Under the provisions of Section 511.250, R. S. 1949, a judgment may not be set aside for irregularities unless a motion therefor "be made within three years after the term at which such judgment was rendered." In view of the provisions of Section 510.370, R. S. 1949, the word "term" in Section 511.250 must be taken to mean thirty days after a judgment is entered. Wooten v. Friedberg, 355 Mo. 756, 198 S. W. 2d 1. Such a motion "must be one based upon an irregularity which is patent on the record, and not one depending upon proof *dehors* the record." State ex rel. Potter v. Riley, 219 Mo. 667, 681, 118 S. W. 647, 651; Harrison v. Slaton, supra; Crabtree v. Ætna Life Ins. Co., supra. Although there is an inaccurate dictum in Caruthersville School District No. 18 v. Latshaw, 360 Mo. 1211, 233 S. W. 2d 6, 9, indicating the contrary, "the irregularity need not be one which would render the judgment absolutely void and therefore subject to be defeated on collateral attack." Wooten v. Friedberg, supra, (l. c. 7); Cross v. Gould, 131 Mo. App. 585, 595, 110 S. W. 672; 15 Ency. of Pleading & Practice 293; 17 Am. & Eng. Ency. of Law (2nd Ed.) 828; Freeman on Judgments (4th Ed.) Sec. 97, p. 134 ff; 49 C. J. S., Sec. 268, p. 484. In Crabtree v. Ætna Life Ins. Co., supra, (l. c. 106) in discussing irregularities patent upon the face of the record, as well as errors of fact to be reached by a motion in the nature of a writ of error coram nobis, we said that such irregularities or errors of fact "must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure. For instance: 'An irregularity may be defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner.' 1 Tidd's Prac. (4th Ed.) p. 512; Showles v. Freeman, 81 Mo. 540, 543; Downing v. Still, 43 Mo. 309, 317."

Was the nonjoinder of the trustee who executed the trustee's deed purporting to convey legal title to respondent an irregularity in the record which justified the setting aside of the judgment? Appellant argues that the trustee was not a necessary party under the provisions of Section 507.030, R. S. 1949, and even if he was, the defect in parties has been waived since the point was not raised by motion or answer (citing Sections 507.050 and 509.340, R. S. 1949). Respondent contends that the trustee was "a necessary and indis-

pensable party''; that the court, before entering a judgment, should have directed the petition to be amended and the trustee joined; and that the nonjoinder is not waived by failure to raise the point by motion or answer.

Both parties rely upon Section 507.030 which provides that persons having a ''joint interest'' shall be made parties and ''When a complete determination of the controversy cannot be had without the presence of other parties,'' the court may order them to be brought in upon an amended or supplemental petition. No doubt, since the trustee was a party to the deed sought to be cancelled and, particularly, since the petition alleged that the foreclosure sale was fraudulently conducted by respondent and the trustee, it would have been proper and, perhaps, customary to join the trustee as a party defendant. It does not appear from the face of the petition, or any other part of the record, that the trustee claimed any interest under the deed sought to be cancelled or in the land which is involved in the instant action. It is not apparent that setting aside the foreclosure sale and cancelling the trustee's deed to respondent will in anywise affect the interest of the trustee. It does not appear that the trustee has any joint interest with either appellant or respondent or that a complete determination of the controversy between appellant and respondent cannot be had without his presence. Ordinarily all parties to an instrument sought to be cancelled should be made parties to the suit for cancellation but this is not true where ''it is obvious the one not joined has no interest whatever in the subject matter of the suit.'' 12 C. J. S. Sec. 52, p. 1028; Tressler v. Whitsett, 321 Mo. 849, 12 S. W. 2d 723, 727. We hold that the trustee was not a necessary party to this suit and, in no sense, was he an indispensable party without whose presence there could not be a complete determination of the controversy.

Respondent relies upon Borth v. Proctor (Mo. Sup.), 219 S. W. 72. This was a suit to set aside a foreclosure sale under a deed of trust. There was a decree for the plaintiffs. Upon appeal, this Court noted the nonjoinder of the trustee as a party defendant and said (l. c. 74) : ''A defect of parties defendant appears in this case. The trustee should have been a defendant because of his trusteeship and as the person accused of the fraud to be redressed.'' It is evident that this Court did not consider the trustee necessary to a complete determination of the controversy since the decree in favor of the plaintiffs was affirmed. This Court also stated (l. c. 74) : ''No objection having been made at any stage of the proceeding because of a defect of parties defendant, we shall dispose of the appeal as we would were all the proper parties on the record.'' In Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S. W. 2d 435, 440, also cited by respondent, we held that the failure to join as parties in an equitable mechanics lien suit the holders of a deed of trust and

the trustee named therein was not "such a defect that relief can be granted by the coram nobis principle."

■ Under Section 507.050, R. S. 1949, the nonjoinder of parties may be raised by motion or by answer or reply. Under the provisions of Section 509.340, R. S. 1949, a party waives all objections available to him by failure to assert the same by timely motion "except failure to state a claim upon which relief can be granted, or failure to state a legal defense to a claim, and except lack of jurisdiction over the subject matter." Under the provisions of our former Code of Pleading, it was uniformly held that a defect of parties was waived by a failure to raise the point by demurrer or answer. Rideout v. Burkhardt, 255 Mo. 116, 164 S. W. 506, 508; Eurengy v. Equitable Realty Corporation, 341 Mo. 341, 107 S. W. 2d 68, 70; Norton v. Reed, 253 Mo. 236, 161 S. W. 842; Williams v. Hines (Mo. App.), 229 S. W. 414. The provisions of the present Civil Code have not changed this rule. The waiver of a defect in parties, if it existed, would be no less effective where a defendant failed to plead at all, as where a party, having pleaded, failed to raise the point.

Cases cited by respondent are not in point. In Barnett v. Prudential Ins. Co. of America, 239 Mo. App. 670, 194 S. W. 2d 317, it was held that under the provisions of Section 507.030, R. S. 1949, persons having a joint interest should be made parties. Accordingly, the Court decided, where the members of a partnership jointly owned a policy of insurance, a suit by one partner upon the policy was properly dismissed, on motion, because the petition failed to show a right of action in the plaintiff. State ex rel. Elmer v. Hughes, 347 Mo. 237, 146 S. W. 2d 889; Forck v. Prudential Ins. Co. of America, 228 Mo. App. 316, 66 S. W. 2d 983; and Gruender v. Frank, 267 Mo. 713, 186 S. W. 1004, did not deal with a defect of parties but rather a failure of the petition to show a right of action in the plaintiffs. Failure of the petition to state a cause of action is not waived by failure to raise the point in the trial court and may, of course, be raised for the first time on appeal.

For the reasons stated we hold that the failure to join the trustee as a party defendant was not an irregularity justifying the setting aside of the judgment.

If the motion to dismiss was sustainable on any other of the grounds stated in the motion, the action of the trial court was proper and should be affirmed. Berkemeier v. Reller, 317 Mo. 614, 296 S. W. 739, 741; Holmes v. McNeil, 356 Mo. 763, 203 S. W. 2d 665, 668; Schreiner v. City of St. Louis (Mo. App.), 203 S. W. 2d 678, 681. Other irregularities said to be patent upon the face of the record are that the petition failed to state a cause of action; that the court failed to place the case upon the trial docket and improperly entered a final judgment without first entering an interlocutory

judgment of default; and that ▮ the judgment on its face is contradictory and inconsistent.

▮ Did the petition state a cause of action? Respondent argues that it did not because it fails to allege a definite agreement to extend the time of payment of the indebtedness and fails to allege any consideration for such an agreement. Respondent cites authorities which support the proposition that an agreement to extend the time of payment or delay foreclosure is not enforceable unless it is supported by a consideration. As we read the petition in the instant case, appellant is not seeking to enforce such an agreement but is seeking equitable relief from the foreclosure because the alleged promise of respondent to give him additional time and not to foreclose without direct notice to him lulled him into a sense of security. We have held that under such circumstances a mortgagor is entitled to equitable relief. In Shumate v. Hoefner, 347 Mo. 391, 147 S. W. 2d 640, 642, we said: "Appellants say that, if Reyburn promised to delay foreclosure, such promise was without consideration and unenforceable, citing authorities. That these authorities correctly state the law is not denied by respondent. This promise is not relied on by respondent as an enforceable contract. His claim is: 'When the mortgagee lulls the owner of the equity of redemption into a sense of security and then forecloses the mortgage, without giving actual notice to the owner, courts of equity have uniformly set aside the foreclosure sales.' That is a correct statement of the law. Laundy v. Girdner, Mo. Sup., 238 S. W. 788, loc. cit. 789; Clarkson v. Creely, 35 Mo. 95; Daggett Hardware Co. v. Brownlee, 186 Mo. 621, 85 S. W. 545." The alleged gross inadequacy of the consideration paid at the foreclosure sale, standing alone, would not be sufficient to set aside the trustee's deed but it is a circumstance to be taken into consideration with the other grounds stated. Shumate v. Hoefner, supra; Lange v. McIntosh, 340 Mo. 247, 100 S. W. 2d 456.

Since most of the allegations of Count I of the petition are realleged in Count II, the second count also states a cause of action for equitable relief even though the additional allegations of that count regarding usury are not, as respondent correctly contends, sufficient to vitiate the lien of the deed of trust as to the amount of indebtedness validly due. Gehlert v. Smiley (Mo. Sup.), 114 S. W. 2d 1029, 1034; Hecker v. Putney (Mo. App.), 196 S. W. 2d 442. We hold that the petition states a cause of action.

▮ What we have said as to the sufficiency of the petition is not to be understood as a holding that the sufficiency of a petition may be challenged by a motion to set aside a judgment for irregularity, filed more than thirty days after the judgment is entered. There is some conflict in the decisions on the question as to whether the failure of a petition to state a cause of action constitutes a ground for setting aside a judgment which is no longer in the breast of the

court. 49 C. J. S., Sec. 277, p. 498. It is generally recognized, however, that such a motion is not effective to review or correct judicial errors committed in the rendition of a judgment. State ex rel. Caplow v. Kirkwood (Mo. App.), 117 S. W. 2d 652, 654. We have held that such a motion "is not the appropriate way in which to challenge the sufficiency of the petition" [Harrison v. Slaton (Mo. Sup.), 49 S. W. 2d 31, 35] and we have also said that a judgment rendered upon a petition which failed to state a cause of action "would indicate judicial error in the judgment, but it would not justify setting it aside as irregular upon such a motion." State ex rel. Ozark County v. Tate, 109 Mo. 265, 18 S. W. 1088, 1089. Compare: Crabtree v. Ætna Life Ins. Co., supra.

██ The motion challenges the irregularity of the judgment because the case was not placed upon the trial docket and the court entered final judgment without a preceding interlocutory judgment. Respondent argues that there was a noncompliance with Section 510.070, R. S. 1949, but this section directs the clerk of the court to place a case upon the trial docket "after issue is joined." This statute would not seem to apply to a case where issue ██ is not joined and a default judgment is entered. Section 511.110 provides that when a defendant fails to plead within the time prescribed by law or rules of practice "an interlocutory judgment shall be given against him by default." In Cornoyer v. Oppermann Drug Co. (Mo. App.), 56 S. W. 2d 612, it was held that this statute was enacted for the benefit of the plaintiff and not for the benefit of a defaulting defendant since the purpose of an interlocutory judgment is to preclude any answer or defense by the defaulting defendant. The failure of a plaintiff to take an interlocutory judgment leaves the way open for the defendant to appear and make defense until plaintiff proves up his case and a judgment is entered. It was held, accordingly, that the failure to enter an interlocutory judgment by default was not an irregularity which would justify vacating the judgment after the expiration of the term. This decision was cited with approval in Fawkes v. National Refining Co., 341 Mo. 630, 108 S. W. 2d 7, 10, where we said: "It was not necessary that an interlocutory judgment be first entered."

██ Respondent argues that the judgment is inconsistent and contradictory upon its face because, in the recitals, the court finds the issues in favor of the plaintiff on both counts of the petition. The first count alleges that appellant is indebted to respondent in the face amount of the $1,000.00 note. The second count alleges that respondent loaned appellant $750.00 and exacted usury by requiring appellant to execute a note for $1,000.00. It is obvious that the two counts presented different issues as to the amount of indebtedness owing and the court could not properly find for appellant upon both counts on this issue. The decretal part of the judgment specifically

944

adjudges that appellant is indebted to respondent in the principal amount of $1,000.00. In 49 C. J. S., Sec. 71, p. 189, the rule is stated: "Mere recitals are not indispensable parts of judgments. The judgment or decree does not reside in its recitals, but in the mandatory or decretal portion thereof, which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy * * *." It has also been held that if there is an inconsistency between the recitals and the decretal part of a judgment, an express adjudication controls mere recitals. 49 C. J. S., Sec. 437, p. 870; Lackender v. Morrison, 231 Iowa 899, 2 N. W. 2d 286.

We hold that there is no irregularity upon the face of the record in the instant case to justify the sustention of the motion to vacate. We come now to those portions of the motion which are in the nature of an application for a writ of error coram nobis. Such a writ, or the motion which is considered an application for the writ, is designed to direct to the attention of the court, in which a judgment has been rendered, errors of fact which are not apparent upon the record in the case. They must be facts which were unknown to the court and the applicant and which could not have been known to the applicant by the exercise of due diligence. The facts must be such that they go directly to the court's right to proceed and which, if known to the court, would have prevented the entry of judgment. 49 C. J. S., Secs. 311-313, pp. 561-572; State ex rel. Potter v. Riley, 219 Mo. 667, 118 S. W. 647; Jeude v. Sims, 258 Mo. 26, 166 S. W. 1048, 1052; Spotts v. Spotts, 331 Mo. 942, 55 S. W. 2d 984, 986; Crabtree v. Ætna Life Ins. Co., supra.

In Simms v. Thompson, 291 Mo. 493, 236 S. W. 876, 881, this Court cited the following instances in which the writ would lie:

"A judgment rendered against an insane person without the intervention of a guardian; where a defendant dies after service of process and before judgment; where a married woman was sued without her husband being joined and judgment rendered against her (before the Married Woman's Act); judgment against an infant without a guardian ad litem."

The writ will not lie for the purpose of bringing to the attention of the court "some unknown fact going to the merits of the cause, but for some unknown fact going to the right of the court to proceed, and which entirely defeats the power of the court to attain a valid result in the proceeding." Kings Lake Drainage Dist. v. Winkelmeyer, 228 Mo. App. 1102, 62 S. W. 2d 1101, 1103; Wagner v. Shelly (Mo. App.), 210 S. W. 2d 394; 49 C. J. S. Sec. 312, p. 564. Thus, facts which go to the merits of the case and which might have been presented by respondent in defense of appellant's suit are not within the scope of the writ and would not constitute

a justification for sustaining the motion to vacate. Facts tending to show that legal title to the property was vested in someone other than appellant; res adjudicata; statutes of limitations and laches, are all defensive matters which go to the merits of the case. They are not within the scope of the writ of error coram nobis and are not such errors of fact as will justify vacating the judgment in the instant case.

Respondent was diligent in employing counsel to represent him in the instant case. His choice of counsel was, apparently, unfortunate since no steps were taken by his attorney to file a pleading or to prevent the taking of a default judgment against respondent. There has been no explanation of the failure of respondent's lawyer to protect his interests nor any suggestion that the lawyer's neglect was excusable. It is the general rule that the negligence of counsel is imputable to his client (49 C. J. S., Sec. 280e, p. 506) and this rule has been followed consistently in Missouri. Wooten v. Friedberg, 355 Mo. 756, 198 S. W. 2d 1, 7, and cases there cited; Fears v. Riley, 148 Mo. 49, 49 S. W. 836; Milliken v. Anderson (Mo. App.), 269 S. W. 675, 677. It follows, then, that respondent is chargeable with the negligence of his lawyer in permitting the default judgment to be entered and such negligence will not authorize the vacation of such judgment upon a writ of error coram nobis.

We are constrained to reverse the order setting aside the judgment in appellant's favor, with directions to reinstate such judgment. It is so ordered.

\* \* \* \* \* \* \* \*

January 14, 1952

Opinion of ASCHEMEYER, C., a former Commissioner of Division I of this court, adopted as the opinion of the Court en Banc.

*Hollingsworth, Leedy, Tipton* and *Conkling, JJ.,* and *Ellison, C. J.,* concur; *Dalton, J.,* dissents in separate opinion in which *Hyde, J.,* concurs.

DALTON, J. (dissenting).—I respectfully dissent from the conclusion reached in the above opinion.

The majority opinion holds that, under the facts of this case, the trustee was not a necessary party to the original action to set aside the deed of trust and the trustee's deed thereunder; and that the trial court erred in vacating and setting aside the default judgment in question. The judgment was vacated by the trial judge on the theory that the failure to join the trustee was an irregularity patent upon the face of the record and was a sufficient irregularity to sustain a motion based on such ground.

As applied to the facts of this case the opinion holds that the grantor in a recorded trustee's deed conveying title to real estate

is not a necessary party to an action to set that deed aside for fraud in the foreclosure sale prior to the execution and delivery of the deed; and that, although such facts are pleaded and clearly appear on the face of the record in a default case, it is not such an irregularity as will sustain the trial court's action in setting the default judgment aside, on motion, filed within three years.

As stated, the original action not only sought to set aside a deed of trust, but to set aside the trustee's deed thereunder. Appellant alleged the execution and delivery of the trustee's deed by J. E. Smith, trustee, "whereby he purported to transfer to the defendant the above described real estate." It was charged in the petition that "the foreclosure sale aforesaid was fraudulently and unlawfully conducted by ▮▮▮ defendant and by said J. E. Smith, who was acting at the instance of defendant," but J. E. Smith was not named as a defendant in the action.

Cases holding that a trustee in a deed of trust is not a necessary party to a proceeding to have the deed of trust declared to be a prior lien (Rogers v. Tucker, 94 Mo. 346, 7 S. W. 414) ; or that the trustee is not a necessary party to a court action to foreclosure of the deed of trust (Sidwell v. Kaster, 289 Mo. 174, 232 S. W. 1005) or to determine the priority of a deed of trust as to other liens (Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S. W. (2d) 435, 440) are not controlling.

The default judgment entered in the original cause expressly ordered and adjudged "that the foreclosure sale made on February 13, 1942 by J. E. Smith, as Trustee, pursuant to a Deed of Trust from plaintiff to J. E. Smith as Trustee, and recorded in Book 71 at Page 362 of the Deed of Trust Records of Scott County, Missouri, at which said foreclosure sale defendant was the purchaser for the sum of Two Hundred Twenty-five Dollars ($225.00), and at which sale defendant received a Trustee's Deed from the said J. E. Smith to said real estate, which is recorded in Book 126 at Page 618 of the Deed Records of Scott County, Missouri, be, and the same hereby is, set aside and for naught held; * * * and * * * that the Deed of Trust dated December 19, 1940 and recorded in Book 71 at Page 362 of the Deed of Trust Records of Scott County, Missouri, has been paid and discharged * * *" (by the accounting covered by the judgment).

The majority opinion concedes that it is well settled that an irregularity for which a judgment may be set aside "need not be one which would render the judgment absolutely void and therefore subject to be defeated on collateral attack." It further concedes that, "particularly, since the petition alleged that the foreclosure sale was fraudulently conducted by respondent and the trustee, it would have been proper and, perhaps, customary to join the trustee as a party defendant." Nevertheless this court has ordered the judgment vacating the default judgment reversed.

Respondent, within the time fixed by Sec. 511.250 filed his motion to vacate and set aside the judgment for irregularities patent on the face of the record. This was a direct and not a collateral attack upon the judgment. Ray v. Ray, 330 Mo. 530, 50 S. W. (2d) 142, 143; Reger v. Reger, 316 Mo. 1310, 293 S. W. 414, 421; Crabtree v. Ætna Life Ins. Co., 314 Mo. 1173, 111 S. W. (2d) 103, 106; Jefferson City Bridge & Transit Co. v. Blaser, 318 Mo. 373, 300 S. W. 778, 780-781; Shepard v. Shepard, 353 Mo. 1057, 186 S. W. (2d) 472, 475.

We think the weight of authority supports the view that J. E. Smith, trustee, as grantor in the trustee's deed was a necessary and proper.party to an action to cancel that deed. The applicable general rule is well stated in 12 C. J. S. 1028, Cancellation of Instruments, Sec. 52, as follows: "All parties to the instrument sought to be cancelled are necessary parties to the suit for cancellation, either as plaintiffs or as defendants, unless it is obvious that the one not joined has no interest whatever in the subject matter of the suit." And see 12 C. J. S. 1033, Sec. 54(2); 9 C. J. 1230, Sec. 139; 9 Am. Jur. 395, Cancellation of Instruments, Sec. 54; Kidd v. Schmidt, 345 Mo. 645, 136 S. W. (2d) 72, 74; Davidson v. Gould (Mo. App.), 187 S. W. 591. J. E. Smith was charged with having conveyed the property to respondent in breach of his trust. In such situation it cannot be said that he had no interest whatever in the subject matter of the suit. In an action to set the trustee's deed aside, respondent as grantee in the trustee's deed was entitled to have the grantor, Smith, made a party defendant in the cause, unless that right was waived by respondent. In a somewhat similar situation in the case of Borth v. Proctor (Mo. Sup.), 219 S. W. 72, 74, this court said: "The trustee should have been a defendant because of his trusteeship and as the person accused of the fraud to be redressed." Clearly, we believe that J. E. Smith, trustee, *as grantor in the trustee's* ▮ *deed* was a necessary party to an action in. equity for its cancellation on the ground of fraud. Kidd v. Schmidt, supra; Hannibal-St. J. R. Co. v. Nortoni, 154 Mo. 142, 149, 55 S. W. 220; Fairgate Realty Co. v. Drozda (Mo. Sup.), 181 S. W. 398, 399.

Since on the basis of the allegations contained in appellant's petition J. E. Smith was a necessary and proper party, his nonjoinder was a defect and an irregularity patent on the face of the record. The record clearly disclosed the want of adherence to some prescribed rule or mode of procedure consisting of omitting to do something that is necessary for the due and orderly conduct of a suit for which relief could be granted, on motion, at a subsequent term and within the time provided by Sec. 511.250. Downing v. Still, 43 Mo. 309, 316; 49 C. J. S. 496, Sec. 276. And see Boggess v. Jordan (Mo. App.), 283 S. W. 57, 59.

▮ We find no waiver by respondent of appellant's failure to join J. E. Smith as a party defendant. Under the provisions of our

948

former Code of Pleading, it was uniformly held *in cases in which the defendant appeared and contested the cause* that a defect of parties was waived by a failure to raise the point by demurrer or answer. Rideout v. Burkhardt, 255 Mo. 116, 164 S. W. 506, 508; Eurengy v. Equitable Realty Corporation, 341 Mo. 341, 107 S. W. (2d) 68, 70; Automatic Sprinkler Co. of America v. Star Clothing Mfg. Co., 306 Mo. 518, 267 S. W. 888, 892; Williams v. Hines (Mo. App.), 229 S. W. 414. The provisions of the present Civil Code have not changed this rule.

The case of Borth v. Proctor, supra, was a suit to set aside a foreclosure sale under a deed of trust and there was a decree for the plaintiffs. Upon appeal this court noted the nonjoinder of the trustee as a party defendant, as mentioned supra, but stated (219 S. W. (2d) 72, 74): "No objection having been made at any stage of the proceeding because of a defect of parties defendant, we shall dispose of the appeal as we would were all the proper parties on the record."

The trial judge, who entered the default judgment, heard the evidence on the motion to set aside and set the default judgment aside. There was no evidence to support a finding of intentional default on the part of either respondent or his attorney and without an intention to default we believe there was no waiver, unless by the express terms of the statutory provisions.

In Langdon v. Kleeman, 278 Mo. 236, 211 S. W. 877, 878, the court said: "Waiver is essentially a matter of intention. It need not be proved by express declarations, but may be shown by the acts and conduct of the parties, or even, under some circumstances, by their nonaction. Whatever parties do or forbear to do, therefore, their acts or omissions, to be construed as waivers, must be so manifestly consistent with and indicative of an intention to relinquish the particular right or benefit that no other reasonable explanation of their conduct is possible."

In this case it must be remembered that the trial court was considering a default judgment and not one entered after an appearance and contest. In such situation we think the rule stated by the U. S. Supreme Court in Harris v. Hardeman, 14 Howard 334, 14 L. Ed. 444, 446, is properly applicable. There the court said: "In reviewing the decision of the Circuit Court, it should be borne in mind, as a rule to guide and control our examination, that the judgment impugned before that court was a judgment by default, and that in all judgments by default, whatever may affect their competency or regularity, every proceeding indeed, from the writ and indorsements thereon, down to the judgment itself, inclusive, is part of the record, and is open to examination. That such cases differ essentially, in this respect, from those in which there is an appearance and a contestatio litis, in which the parties have elected the grounds on which they choose to place the controversy, expressly or impliedly waiving all others.

 949

In support of the rule just stated, many authorities might be adduced
* * * * ''

 Since respondent made no appearance in the trial court and filed no pleadings prior to the entry of the default judgment against him, we think the statutory provisions relied upon, to-wit, Sec. 507.050 and Sec. 509.340, supra, have no application. The motion to set aside for irregularities attacks the default judgment on the record *as written* without any appearance, pleadings or waivers by respondent.

The default judgment was subject to being set aside for irregularities apparent on the face of the record and this court should affirm the judgment of the trial court vacating that judgment.